U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH CONNOLLY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UMPQUA BANK, and STERLING INFOSYSTEMS, INC.,<br><br>Defendants. | NO. 15-00517<br><br>**CLASS ACTION COMPLAINT**<br><br>**Demand for Jury Trial** |

1.     This action seeks class-wide relief on behalf of Plaintiff Sarah Connolly, and the class she seeks to represent, for violations by Defendants Umpqua Bank and Sterling Infosystems, Inc., of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681a-1681x.

2.     Employers are increasingly relying on job applicants' credit reports in making hiring decisions. The FCRA contains a series of important protections for job applicants, designed to ensure that they are both aware that their credit report is being obtained, and that they are informed when negative information has affected their ability to get a job, and its source.

CLASS ACTION COMPLAINT - 1

BAILEY & GLASSER LLP
910 17th Street, NW, Suite 800
Washington, DC 20004
TEL. 202.543.0226 ● FAX 202.463.2103
www.baileyglasser.com

3. The FCRA requires that all job applicants be given a clear disclosure of an employer's intent to obtain a report, in a "stand alone" form, that does not contain any other information.

4. The Act also requires that before any adverse action is taken based on information contained in a credit report, the employer provide a notice to the applicant, along with a copy of the report. This process allows the applicant to correct or explain negative information.

5. Finally, the Act requires an adverse action notice when a final decision is made that contains certain critical information, including the name of the entity that furnished the report, so that the applicant is given notice of the negative information and its source.

6. Umpqua Bank routinely and systematically procures background checks and credit checks on employees and job applicants without first providing accurate disclosures and obtaining a valid authorization.

7. Umpqua Bank and Sterling Infosystems take adverse actions against such persons, including not hiring them, without giving required notices and disclosures, in violation of 15 U.S.C. §§ 1681b(b)(2)(A)(i), 1681d(a)(1), 1681m(a)(3)(4), and 1681g.

## I. JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

9. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b) because the Plaintiff resides here and a substantial part of the events or omissions giving rise to the allegations contained herein occurred in this District.

## II. PARTIES

10. Sarah Connolly is a citizen of the State of Washington and a "consumer" within the meaning of 15 U.S.C. § 1681a.

CLASS ACTION COMPLAINT - 2

1    11.    Umpqua Bank ("Umpqua") is an Oregon chartered bank, headquartered in Roseburg, Oregon, with locations in Washington, Idaho, Oregon, California and Northern Nevada.

12.    Umpqua is a person using consumer reports to make employment decisions and takes adverse actions against consumers, as those terms are defined by 15 U.S.C. § 1681a.

13.    Sterling Infosystems, Inc. ("Sterling") is a business incorporated in Delaware with its principal place of business in New York City, New York.

14.    Sterling is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f), as it is engaged in the business of assembling and evaluating consumer information for the purpose of furnishing reports to third parties.

15.    Sterling furnishes consumer reports to Umpqua.

### III.    ALLEGATIONS RELATING TO MS. CONNOLLY

16.    On or about December 15, 2014, Ms. Connolly applied for employment with Umpqua in Seattle, Washington.

17.    As part of the application process, Ms. Connolly was directed to sign a document that purported to be a combination disclosure and authorization to procure a background check on Ms. Connolly. A copy of this form is attached as Exhibit A. The document states that the background investigation may include criminal convictions, motor vehicle and other reports, as well as records relating to credit, and information relating to character, work habits, and employment.

18.    The purported disclosure and authorization included other information, including: a release of all parties from any liability for furnishing information; a request for additional background information from the applicant, including former addresses, and driver's license information; and a description of the criminal penalties for violating the FCRA.

CLASS ACTION COMPLAINT - 3

BAILEY & GLASSER LLP
910 17th Street, NW, Suite 800
Washington, DC 20004
TEL. 202.543.0226 • FAX 202.463.2103
www.baileyglasser.com

19. As a result, Umpqua's purported disclosure and authorization was not clear, conspicuous or stand-alone, nor did it validly authorize Umpqua to procure Ms. Connolly's consumer report for employment purposes.

20. To the extent the notice purported to disclose the intent to obtain an investigative report, it did not contain all required disclosures, namely that the consumer has the right to request a complete and accurate disclosure of the nature and scope of the investigation requested and a written summary of the rights of the consumer pursuant to section 1681g(c). 15 U.S.C. § 1681d(a)(1)(B).

21. On or about December 15, 2014, Umpqua procured a consumer report regarding Ms. Connolly from Sterling.

22. On December 22, 2014, Umpqua took adverse action against Ms. Connolly based upon information contained in her consumer report by declining her application. See Exhibit B, attached.

23. In its adverse action letter, Umpqua stated that the credit report it relied upon was from Trans Union. *Id.* The letter did not mention that the report was actually obtained from Sterling, nor did it provide Sterling's address and telephone number, as required by § 1681m(a)(3), nor did it provide a numerical credit score as required by § 1681m(a)(2). *Id.*

24. Sterling participated in the decision to take adverse action against Ms. Connolly, evidenced by the statement on the report "Generate Adverse Action Letter" under the heading Results Status.

25. Sterling did not provide Ms. Connolly with a pre-adverse action notice or an adverse action notice.

**Allegations Relating To Defendants' Practices In General**

26. For at least the past five years, Umpqua has obtained consumer reports on job applicants and employees for employment purposes.

CLASS ACTION COMPLAINT - 4

BAILEY & GLASSER LLP
910 17th Street, NW, Suite 800
Washington, DC 20004
TEL. 202.543.0226 ● FAX 202.463.2103
www.baileyglasser.com

27. Umpqua does not provide a clear and conspicuous disclosure to job applicants, in a document that consists solely of the disclosure, as required by 15 U.S.C. § 1681b(b)(2) before obtaining these reports.

28. As a result, the purported authorization that Umpqua requires applicants and employees to sign is invalid, and Umpqua obtains consumer reports without authorization.

29. Umpqua takes adverse action against job applicants based on information contained in their consumer reports, without complying with 15 U.S.C. §§ 1681m(a)(2), (3).

30. Sterling participates in decisions to take adverse action against job applicants based on information contained in their consumer reports, without providing pre-adverse action notices or adverse action notices, in violation of 15 U.S.C. §§ 1681b(b)(3) and 1681m(a).

31. Defendants' violations of the FCRA are willful, wanton and reckless in that Defendants knew, or should have known, that their actions violated the requirements of the FCRA.

32. Defendants' willful actions give rise to both statutory and punitive damages, plus attorneys' fees and costs under 15 U.S.C. § 1681n(a).

## IV. CLASS ACTION ALLEGATIONS

33. Ms. Connolly brings these claims on behalf of a class, pursuant to Fed. R. Civ. P. 23.

34. The class consists of: (a) all individuals; (b) who applied for employment with Umpqua, or were employed by Umpqua; (c) about whom Umpqua obtained a consumer report for employment purposes during the Class Period; (d) who completed a disclosure and authorization form that was not a stand alone document, and was not clear and conspicuous.

35. Ms. Connolly also seeks to represent the following subclasses:

> <u>Umpqua Adverse Action Subclass</u>: individuals against whom Umpqua took adverse action based in whole or in part on information contained in a consumer report, without providing a notice of adverse action that included an accurate disclosure of

CLASS ACTION COMPLAINT - 5

BAILEY & GLASSER LLP
910 17th Street, NW, Suite 800
Washington, DC 20004
TEL. 202.543.0226 • FAX 202.463.2103
www.baileyglasser.com

the entity that provided the report to Umpqua, its address and telephone number, or providing a numerical credit score.

<u>Sterling Adverse Action Subclass</u>: individuals as to whom Sterling participated in the decision to take adverse action, without providing a pre-adverse action notice or an adverse action notice.

36. The class members are so numerous that joinder of all members is impracticable.

37. On information and belief, there are at least hundreds of class and sub-class members.

38. There are questions of law and fact common to class and subclass members, which predominate over any questions relating to individual class members. The predominant common questions are:

a. Whether the form disclosure and authorization form Umpqua required job applicants and employees to complete violated the FCRA because it was not "clear and conspicuous" and did not consist solely of the disclosure;

b. Whether Umpqua obtained consumer reports about job applicants and employees without authorization, in violation of the FCRA, 15 U.S.C. § 1681b(b)(2)(A)(ii);

c. Whether Umpqua violated the FCRA by failing to provide job applicants or employees with an adverse action notice that accurately states the name, address, and telephone number of the entity that provided the report to Umpqua, or by failing to provide a numerical credit score in violation of 15 U.S.C. § 1681m(a)(2), (3);

d. Whether Umpqua's actions were willful;

e. Whether Sterling violated the FCRA by participating in the decision to take adverse action, without providing job applicants or employees with pre-adverse action notices. 15 U.S.C. § 1681b(b)(3);

CLASS ACTION COMPLAINT - 6

BAILEY & GLASSER LLP
910 17th Street, NW, Suite 800
Washington, DC 20004
TEL. 202.543.0226 • FAX 202.463.2103
www.baileyglasser.com

1         f.      Whether Sterling violated the FCRA by participating in the decision to take adverse action, without providing job applicants or employees with adverse action notices. 15 U.S.C. § 1681m(a); and

          g.      Whether Sterling's actions were willful.

39.     Ms. Connolly's claims are typical of the claims of class and subclass members. All are based on the same factual and legal theories.

40.     Ms. Connolly will fairly and adequately represent class members. She has retained counsel experienced in class actions and FCRA litigation.

41.     Defendants have acted on grounds generally applicable to the entire class and subclass, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the class and subclass as a whole.

42.     A class action is superior for the fair and efficient adjudication of this matter, in that: individual actions are not economically feasible, members of the class are likely to be unaware of their rights, and individual actions may create the risk of inconsistent results.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The class and subclass are readily identifiable from Defendants' records.

## V.  LEGAL CLAIMS

43.     Ms. Connolly incorporates by reference all of the preceding allegations in the paragraphs that follow.

**BAILEY & GLASSER LLP**
910 17th Street, NW, Suite 800
Washington, DC 20004
TEL. 202.543.0226 • FAX 202.463.2103
www.baileyglasser.com

# COUNT I

## FAILURE TO PROVIDE A CLEAR, CONSPICUOUS, AND STAND-ALONE DISCLOSURE IN VIOLATION OF

## 15 U.S.C. § 1681b(b)(2)(A)(I)

44. By including additional language, questions, blanks, and disclaimers in its consumer report disclosure and authorization form that Plaintiff and other class members were required to execute, Umpqua violated 15 U.S.C. § 1681b(b)(2)(A)(i) of the FCRA.

45. Umpqua's disclosure and authorization form was not "clear and conspicuous" and it did not consist solely of the disclosure that a consumer report may be obtained for employment purposes, in violation of 15 U.S.C. § 1681b(b)(2)(A)(i) of the FCRA.

46. Umpqua's actions were willful. Umpqua knew or should have known that its disclosure form should consist solely of the disclosure, and not include extraneous information or questions.

47. Ms. Connolly and class members are entitled to statutory damages of not less than $100, and not more than $1,000 for each violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

48. Ms. Connolly and class members also seek punitive damages, attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n(a)(2).

# COUNT II

## FAILURE TO OBTAIN PROPER AUTHORIZATION BEFORE PROCURING A CREDIT REPORT IN VIOLATION OF 15 U.S.C. § 1681b(b)(2)(A)(II)

49. Umpqua violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by procuring consumer reports for employment purposes without first obtaining valid authorizations from Ms. Connolly and class members.

50. Umpqua's violations of the FCRA in this regard were willful. Umpqua knew or should have known that its authorization form was not valid.

51. Ms. Connolly and class members seek statutory damages of not less than $100 and not more than $1,000 for each such violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

CLASS ACTION COMPLAINT - 8

**BAILEY & GLASSER LLP**
910 17th Street, NW, Suite 800
Washington, DC 20004
TEL. 202.543.0226 • FAX 202.463.2103
www.baileyglasser.com

52. Ms. Connolly and class members also seek punitive damages, attorneys' fees and costs for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

## COUNT III

### FAILURE TO PROVIDE ADVERSE ACTION DISCLOSURES ON BEHALF OF UMPQUA ADVERSE ACTION SUBCLASS

### 15 U.S.C. § 1681m(a)(2), (3)

53. Umpqua violated 15 U.S.C. § 1681m(a)(2), (3) by failing to provide subclass members with the name, address, and telephone number of the entity that provided the consumer report to them, and to provide a numerical credit score.

54. Umpqua's actions were willful. Umpqua knew or should have known that it did not provide a copy of the disclosures required after taking adverse action.

55. Ms. Connolly and members of the subclass seek statutory damages of not less than $100 and not more than $1,000 for each such violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

56. Ms. Connolly and members of the subclass also seek punitive damages, attorneys' fees and costs for this violation, pursuant to 15 U.S.C. § 1681n(a)(2).

## COUNT IV

### FAILURE TO PROVIDE ADVERSE ACTION DISCLOSURES ON BEHALF OF STERLING ADVERSE ACTION SUBCLASS

### 15 U.S.C. §§ 1681b(b)(3); 1681m(a)(2), (3)

57. Sterling violated 15 U.S.C. § 1681b(b)(3) by failing to notify job applicants prior to its taking adverse action based in whole or in part on information contained in their consumer report.

58. Sterling violated 1681m(a) by failing to provide subclass members with adverse action notices after it took adverse action against them.

59. Sterling's actions were willful. Sterling knew or should have known that it did not provide notice prior to or subsequent to taking adverse action.

CLASS ACTION COMPLAINT - 9

BAILEY & GLASSER LLP
910 17th Street, NW, Suite 800
Washington, DC 20004
TEL. 202.543.0226 • FAX 202.463.2103
www.baileyglasser.com

60. Ms. Connolly and members of the subclass seek statutory damages of not less than $100 and not more than $1,000 for each such violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

61. Ms. Connolly and members of the subclass also seek punitive damages, attorneys' fees and costs for this violation, pursuant to 15 U.S.C. § 1681n(a)(2).

## VI.  PRAYER FOR RELIEF

WHEREFORE, Ms. Connolly requests the following relief from this Court, on behalf of herself and the class and subclasses as follows:

A. An order certifying the proposed class and subclasses pursuant to Fed. R. Civ. P. 23, appointing the undersigned as class counsel, and appointing Ms. Connolly as class representative;

B. Statutory and punitive damages for each violation of the FCRA;

C. Attorneys' fees, expenses and costs;

D. Injunctive relief directing Umpqua to use pre-employment disclosures and adverse action notices that comply with the FCRA;

E. Injunctive relief requiring Sterling to comply with all FCRA adverse action notice requirements; and

F. All other relief the Court deems appropriate.

## VII.  TRIAL BY JURY IS DEMANDED

Plaintiff demands a trial by jury for all issues so triable.

CLASS ACTION COMPLAINT - 10

**BAILEY & GLASSER LLP**
910 17th Street, NW, Suite 800
Washington, DC 20004
TEL. 202.543.0226 • FAX 202.463.2103
www.baileyglasser.com

| | |
|---|---|
| 1 | RESPECTFULLY SUBMITTED AND DATED this 2nd day of April, 2015. |
| 2 | |
| 3 | BAILEY & GLASSER LLP |
| 4 | |
| 5 | By:  /s/ Michael L. Murphy, WSBA #37481 |
|   | Michael L. Murphy, WSBA #37481 |

RESPECTFULLY SUBMITTED AND DATED this 2nd day of April, 2015.

BAILEY & GLASSER LLP

By:  /s/ Michael L. Murphy, WSBA #37481
Michael L. Murphy, WSBA #37481
Email:  mmurphy@baileyglasser.com
910 17th Street, NW, Suite 800
Washington, DC 20004
Telephone:  (202) 463-2101
Facsimile: (202) 463-2103

TERRELL MARSHALL DAUDT & WILLIE PLLC

By:  /s/ Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759
Email:  bterrell@tmdwlaw.com
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
Telephone:  (206) 816-6603
Facsimile:  (206) 350-3528

Nicholas F. Ortiz
Email:  nfo@mass-legal.com
LAW OFFICE OF NICHOLAS F. ORTIZ, P.C
99 High Street, Suite 304
Boston, Massachusetts 02110
Telephone:  (617) 338-9400
Facsimile:  (617) 507--3456

Elizabeth Ryan
Email:  eryan@baileyglasser.com
BAILEY & GLASSER LLP
99 High Street, Suite 304
Boston, Massachusetts 02110
Telephone: (617) 439-6730
Facsimile:  (617) 951-3954

*Attorneys for Plaintiff*

BAILEY & GLASSER LLP
910 17th Street, NW, Suite 800
Washington, DC 20004
TEL. 202.543.0226 • FAX 202.463.2103
www.baileyglasser.com

CLASS ACTION COMPLAINT - 11