UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SARAH CONNOLLY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

UMPQUA BANK,

Defendant.

C15-517 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motion for preliminary approval of class action settlement, docket no. 91, is DENIED without prejudice to refiling within six weeks (42 days) of the date of this Minute Order. Plaintiff's motion is denied for the following reasons:

(a) *Cy Pres*: The proposed settlement agreement indicates that any settlement funds remaining as a result of uncashed or returned checks will be distributed to Northwest Consumer Law Center. *See* Agr. at ¶¶ 23 & 24(d), Ex. 1 to Ryan Decl. (docket no. 91-1 at 17-18). Plaintiff's motion, however, does not indicate how such cy pres recipient "account[s] for the nature of the . . . lawsuit, the objectives of the underlying statutes, and the interests of the silent class members, including their geographic diversity." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011); *see also Dennis v. Kellogg Co.*, 697 F.3d 858 (9th Cir. 2012). Moreover, the proposed notice to class members fails to disclose the possibility of a cy pres award or the identity of the recipient upon which the parties have agreed.

(b) *Method of Serving Notice*: The Court is not persuaded that sending notice to class members solely via email is the "best notice that is practicable under the circumstances." *See* Fed. R. Civ. P. 23(c)(2)(B). Plaintiff has provided

MINUTE ORDER - 1

no assurance that a settlement administrator can confirm that emails have not been "spam" filtered or otherwise inhibited from reaching their destination. The parties are encouraged to consider a two-prong method of notice involving, at a minimum, a postcard sent via first-class mail to each class member, and an email or other method of providing more detailed information.

(c) *Personal Identifiers*: The proposed settlement agreement requires defendant to provide to both a settlement administrator and any class counsel the social security numbers and dates of birth of each class member. See Agr. at ¶ 4 (docket no. 91-1 at 13). The Court is unwilling to approve such arrangement absent proof that (i) such information is needed by the settlement administrator and/or class counsel, and (ii) such information can legally be divulged by defendant without each class member's consent.

(d) *Inquiries*: The proposed form of notice to class members indicates that class members may inspect the record for this case at the Clerk's Office. This plan is unworkable for both the Court and class members, who might not be able to easily get to the courthouse to review materials of interest. The proposed settlement agreement, pleadings, orders of the Court, and other documents that class members might wish to view must be made available via a website maintained by the parties, counsel, or a settlement administrator, the address of which shall be set forth in the notice to class members. In connection with any motion for final approval, screen shots and summaries of the information available on such website shall be provided.

(e) *Filings*: The proposed form of notice instructs class members to send objections directly to the Court, as well as to all counsel. This approach requires any class member wishing to object to incur unnecessary duplication charges and postage, and it might unreasonably burden court staff. Opt-out forms, objections, notices of intent to appear at a final approval hearing, and any other correspondence from class members should instead be sent to the settlement administrator, which shall distribute such materials to all counsel, shall prepare a suitable affidavit or declaration summarizing such submissions (or lack thereof), and shall electronically file such affidavit or declaration, along with copies of all executed opt-out forms and objections, at least seven (7) days before any final approval hearing. The parties are encouraged to create an opt-out form and distribute it along with notices emailed to class members. The Court will not require that class members submit written objections as a prerequisite to appearing and being heard at a final approval hearing.

(f) *Motion for Attorney's Fees and Costs*: The proposed settlement agreement envisions that class counsel will file a motion for attorney's fees and costs only fourteen (14) days before the opt-out deadline. See Agr. at ¶ 38 (docket no. 91-1 at 26). The Court is not satisfied that this schedule will permit class

MINUTE ORDER - 2

members to review the motion papers and timely opt-out or object.  Any motion for attorney's fees and costs must be filed before notice is distributed to class members, shall be posted to the website for this matter, and shall be available to class members via U.S. mail or email upon request made to either plaintiff's counsel or the settlement administrator.  *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010).

      (g)    *Settlement Administrator Expenses*:  The proposed form of notice sets forth the anticipated amounts of attorney's fees, costs, and incentive payments that will be deducted from the settlement funds, but does not indicate how much the proposed settlement administrator expects to receive.  The Court recognizes that its rulings might increase the settlement administrator's expenses and, in connection with any renewed motion for preliminary approval of class action settlement, the proposed form of notice shall recite the likely higher amount.  This figure will affect how much each class member will receive from the settlement, and thus, the Court cannot, at this time, evaluate whether the proposed settlement is fair, reasonable, adequate, and in the best interests of the proposed class.

      (h)    *Notices to Federal and State Officials*:  The parties have not indicated whether any notices have been sent to the appropriate Federal and State officials as required by 28 U.S.C. § 1715.

(2)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 7th day of May, 2018.

                                      William M. McCool
                                      Clerk

                                      s/Karen Dews
                                      Deputy Clerk