UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SARAH CONNOLLY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

UMPQUA BANK,

Defendant.

C15-517 TSZ

ORDER

THIS MATTER comes before the Court on plaintiff's second unopposed motion for preliminary approval of class action settlement, docket no. 95, which is hereby GRANTED in part and DEFERRED in part as follows.

(1) The following Class is hereby CERTIFIED for settlement purposes:

> All individuals (i) who applied for employment with, or are/were employed by, Umpqua Bank, (ii) who completed a disclosure and authorization form during the Class Period, defined as April 2, 2010 – September 21, 2015, and (iii) about whom Umpqua Bank obtained, during the Class Period, a consumer report for employment purposes.[1]

---

[1] The Court has modified the class definition to correct a misplaced modifier. In the parties' proposal, the phrase "during the Class Period" follows the words "employment purposes," which creates ambiguity concerning when a consumer report must have been obtained for an individual to be considered a member of the class. If the parties believe that the Court has misunderstood their intent and substantively altered the class definition, they may so indicate when they file the revised proposed forms of notice as required in Paragraph 8, below.

ORDER - 1

(2) The following individuals are EXCLUDED from the Class: (i) Umpqua Bank; (ii) any entity that has a controlling interest in Umpqua Bank; (iii) any current or former director, officer, or counsel of Umpqua Bank or of an entity with a controlling interest in Umpqua Bank, and the immediate family members of such director, officer, or counsel; and (iv) any individual who timely opts out of the settlement of this matter.

(3) Plaintiff Sarah Connolly is APPOINTED as Class Representative. Elizabeth A. Ryan of Bailey & Glasser LLP and Nicholas F. Ortiz of the Law Office of Nicholas F. Ortiz, P.C. are APPOINTED as Class Counsel. JND Legal Administration Co. is APPOINTED as Settlement Administrator.

(4) With regard to the Class defined in Paragraph 1, the Court CONCLUDES that the prerequisites set forth in Federal Rule of Civil Procedure 23(a) are satisfied: (i) the Class is so numerous that joinder of all members is impracticable; (ii) questions of law and/or fact common to all members of the Class exist; (iii) the claims of the Class Representative are typical of the claims of the class members; and (iv) the Class Representative and Class Counsel meet the requirements for fair and adequate representation.

(5) The Court further CONCLUDES that the Class defined in Paragraph 1 meets the requirements of Federal Rule of Civil Procedure 23(b)(3): (i) the questions of law and/or fact common to class members predominate over questions affecting only individual members; (ii) resolution by class action settlement is superior to other available methods of adjudicating the dispute; and (iii) the interests of absent class members who wish to litigate their claims for damages individually are adequately

protected by the notice and opt-out provisions described in the Revised Settlement Agreement.

(6) The Revised Settlement Agreement executed by plaintiff and Umpqua Bank, docket no. 95-3 at 2-23, is preliminarily APPROVED. The class action settlement is not obviously deficient and no evidence exists at this stage of the proceedings of any fraud, collusion, overreaching, or disregard of the rights of absent class members on the part of any party. Sufficient discovery was conducted in this case, and Class Counsel has sufficient experience in similar litigation to propose this settlement. The Court's preliminary approval is subject to change pending the outcome of a final settlement approval hearing.

(7) Within fourteen (14) days of the date of this Order, defendant Umpqua Bank shall provide to the Settlement Administrator a Class List in the form contemplated in the Revised Settlement Agreement, *see* docket no. 95-3 at 3, ¶ 4. The Settlement Administrator may begin preparations for distributing notice, *i.e.*, assessing whether the contact information in the Class List is valid and updating the information as necessary and feasible, but no notice shall be sent until further order of the Court. The Settlement Administrator shall set up a website for this matter so that the address can be included in the revised proposed forms of notice required in Paragraph 8, below.

(8) The Court DEFERS the scheduling of a final settlement approval hearing until after the parties submit revised proposed forms of notice to class members. The parties shall confer, and revised proposed forms of notice to class members shall be filed by October 5, 2018, addressing the following concerns:

(a) <u>Postcard Notice</u>: The postcard notice should provide sufficient information so that a class member can take appropriate action even if he or she does not receive the longer notices that will be sent via either email or first-class mail. The proposed postcard notice does not meet this standard. Although it sets forth the amount of the settlement fund, it does not indicate either the number of class members involved or the anticipated figures for attorney's fees, litigation costs, settlement administration expenses, and an incentive award that will be deducted from the settlement fund before any disbursement to class members. In addition, the proposed postcard notice contains no method for contacting the Settlement Administrator or Class Counsel, and does not even indicate that opt-out forms, objections, and/or questions should be directed to the Settlement Administrator. An individual who receives the proposed postcard but no other form of notice would not have the minimum data necessary to formulate an objection or decide whether to opt out of the settlement, and would not know how to communicate with the Settlement Administrator or Class Counsel.

The proposed postcard notice also includes a confusing statement regarding the cy pres recipients, indicating that "[a]ny uncashed checks will be paid to the following charitable organizations in equal amounts." The parties' intent would be better served by explaining that, under the proposed settlement, the aggregate amount of any uncashed or unclaimed checks would be divided equally among three charitable organizations, namely Northwest Consumer Law Center, Oregon

Law Center, and Privacy Rights Clearinghouse (which was spelled incorrectly in the proposed postcard notice).

Finally, by using the phrases "Court-Ordered Legal Notice" and "Authorized by the United States District Court," the proposed postcard notice gives the misimpression that the Court has already approved the proposed class action settlement. The parties are encouraged to instead include the following (or similar) language: "This notice is being sent to you because you have a right to know about a proposed settlement of a class action lawsuit and about your options before the Court decides whether to approve the settlement."

(b)     Emailed or Mailed Notice: Unless the parties object, *see supra* note 1, the definition of the Class that is set forth in the proposed long form of notice should be modified to track the language in Paragraph 1 of this Order. As indicated in the Court's Minute Order entered May 7, 2018, docket no. 93, the Court will not require that class members submit written objections as a prerequisite to appearing and being heard at a final approval hearing. The proposed long form of notice, however, indicates that an objecting class member "must send a letter" to the Settlement Administrator and, if appearing through counsel, must identify the attorney who will represent him or her. The Court will not impose such requirements or set a deadline for counsel to appear on behalf of an objecting class member. Moreover, contrary to the parties' proposed order, the Court will not require objecting class members to enter pro se appearances on the

docket. Objecting class members may attend and speak at any final approval hearing without providing any advance notice to the Court or counsel.

The proposed long form of notice states that the final approval hearing "may be postponed to a different date or time or location without notice." Absent an emergency, the Court does not anticipate altering the hearing schedule without ample notice to class members, and if the date or time of the hearing must be changed at the request of a party or counsel, such party or counsel shall bear the expense of providing such notice.

The statements that "A Federal Court Ordered This Notice" (page 1), that this notice "has been approved by the Court" (page 5), and that this notice is "By: Order of the United States District Court" (page 7) should be stricken for the same reason described earlier. In addition, the suggestion that class members can inspect the records on file with the Court (page 5) should be removed, and replaced with a reminder that any opt-out forms or objections should be sent to the Settlement Administrator, and not to the Court, and that any questions should be directed to either the Settlement Administrator or Class Counsel, and not to the Court. The Settlement Administrator's toll-free number, as contemplated in the Revised Settlement Agreement, docket no. 95-3 at 11, ¶ 29, should appear prominently in both the postcard and long form of notice.

Finally, the description in the long form of notice concerning how any undisbursed funds will be distributed to cy pres recipients is confusing and should be revised in the same manner as described in connection with the postcard notice.

Both the postcard and the long form notice should explain that a class member may object to the cy pres distribution or the cy pres recipients even if the class member does not otherwise object to the settlement. See *Dennis v. Kellogg Co.*, 697 F.3d 858 (9th Cir. 2012) (reversing approval of class action settlement because the district court failed to apply the correct legal standards for cy pres distributions); *In re Hydroxycut Mktg. & Sales Practices Litig.*, 2013 WL 12110484 (S.D. Cal. Nov. 12, 2013) (ruling that a class member who did not submit a claim form nevertheless had standing to object to the cy pres distribution).

(9) The deferred portion of plaintiff's second motion for preliminary approval of class action settlement, docket no. 95, is RENOTED to October 5, 2018. Along with revised proposed forms of notice, the parties shall indicate what dates they propose for the final settlement approval hearing and related deadlines, and what dates, if any, during the two or three months around the timeframe they propose might present any scheduling conflicts for counsel.

(10) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 28th day of August, 2018.

Thomas S. Zilly
United States District Judge