# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

SARAH CONNOLLY, individually and on behalf of all others similarly situated,

        Plaintiff,

  v.

UMPQUA BANK,

        Defendant.

C15-517 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The deferred portion of plaintiff's second motion for preliminary approval of class action settlement, docket no. 95, is GRANTED as follows.

    (a) The form of postcard notice is APPROVED with the changes reflected in Exhibit A. The hearing date and all deadlines shall be in bold type.

    (b) The longer form of notice to be emailed or mailed is APPROVED with the changes indicated in Exhibit B. The hearing date and all deadlines shall be in bold type.

    (c) The proposed claim form is APPROVED with the requirement that the following language appear prominently on the form: "If you received a notice by email or U.S. mail about this matter, you do NOT need to complete or return this form."

    (d) The Court will hold a final settlement approval hearing at 10:00 a.m. on Thursday, February 21, 2019, in Courtroom 15206 on the 15th Floor of the United States Courthouse, located at 700 Stewart Street in Seattle, Washington.

MINUTE ORDER - 1

(e) By October 26, 2018, the Settlement Administrator shall establish a website for this matter so that the address can be included in the notices to be sent to class members. The Settlement Administrator shall maintain this website until further order of the Court. Such website shall allow anyone visiting it to view and download copies of (i) the operative pleadings and relevant motions in this case, including any motion for attorney's fees and costs and any motion for final approval of the proposed class action settlement; (ii) the Revised Settlement Agreement, docket no. 95-3; (iii) the Minute Order entered May 7, 2018, docket no. 93; (iv) the Order entered August 28, 2018, docket no. 99; (v) this Minute Order; (vi) the forms of notices to class members; (vii) the opt-out form; (viii) the claim form; and (ix) the notice of compliance with 28 U.S.C. § 1715 and related declaration of James E. Howard, docket nos. 97 & 98. Screen shots of the website shall be submitted along with any motion for final approval of the proposed class action settlement.

(f) By November 2, 2018, the Settlement Administrator shall send to each class member (i) via U.S. mail, the approved form of postcard notice (Exhibit A), and (ii) via either email or U.S. mail, the approved longer form of notice and the opt-out form (Exhibit B). If any such mailing is returned as undeliverable, the Settlement Administrator shall engage in best efforts to identify a current address for, and expeditiously resend the notice to, the intended recipient.

(g) The Court is satisfied that the approved forms of notice to class members meet the requirements of Federal Rule of Civil Procedure 23, and that the methods of transmitting such notices to class members, along with the maintenance of a dedicated website concerning the proposed class action settlement, are the best notice practicable under the circumstances and comport with both Rule 23 and the Due Process Clause of the United States Constitution.

(h) Any motion for attorney's fees and costs shall be filed by December 6, 2018, and noted for February 15, 2019. Any response to such motion by a class member who is represented by counsel must be filed with the Court by February 4, 2019. Any response to such motion by a class member who is not represented by counsel must be submitted to Class Counsel and postmarked by February 4, 2019. Class Counsel shall collate and file with the Court, as an attachment to any reply, any responses from class members who are not represented by counsel. Any reply shall be filed by the noting date, but no reply shall be filed in the absence of a response.

(i) Any class member wishing to be excluded from the proposed class action settlement must submit an opt-out form or equivalent writing via U.S. mail to the Settlement Administrator, postmarked no later than January 10, 2019. Any class member timely requesting to be excluded from the proposed class action

settlement will not be bound by the terms of the Revised Settlement Agreement and will not receive any benefits of the settlement.

(j) Any written objection to, or other written comment concerning, the proposed class action settlement shall be sent via U.S. mail to the Settlement Administration, postmarked no later than January 10, 2019.

(k) The Settlement Administrator and/or Class Counsel shall collate and file with the Court, as an attachment to any motion for final approval of the proposed class action settlement, all opt-out forms or equivalent documents, objections, and other comments received from putative class members. Such materials shall not be filed in piecemeal fashion or in advance of any motion for final approval of the proposed class action settlement.

(l) Any motion for final approval of the proposed class action settlement shall be filed by January 24, 2019, and noted for February 15, 2019. Any response to such motion by a class member who is represented by counsel must be filed with the Court by February 4, 2019. Any response to such motion by a class member who is not represented by counsel must be submitted to Class Counsel and postmarked by February 4, 2019. Class Counsel shall collate and file with the Court, as an attachment to any reply, any responses from class members who are not represented by counsel. Any reply shall be filed by the noting date, but no reply shall be filed in the absence of a response.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 18th day of October, 2018.

                                              William M. McCool
                                              Clerk

                                              s/Karen Dews
                                              Deputy Clerk



*EXHIBIT A*

**This notice is being sent to you because you have a right to know about a proposed settlement of a class action lawsuit and about your options before the Court decides whether to approve the settlement.**

This notice may affect your legal rights. Please read it carefully.

You have been identified as a potential Settlement Class Member in a class action lawsuit ~~that alleges~~ing that Umpqua Bank violated the Fair Credit Reporting Act (FCRA) by procuring background and credit checks without complying with certain aspects of the FCRA. A proposed settlement has been reached in the lawsuit.

Records obtained in this lawsuit indicate that (i) you applied for employment with, or are/were employed by Umpqua Bank, (ii) you completed a disclosure and authorization form during the Class Period, defined as April 2, 2010 – September 21, 2015, and (iii) ~~about whom~~ Umpqua obtained, during the Class Period, a consumer report about you for employment purposes. As a result you ~~may~~ might be a member of the class in a pending class action lawsuit that was filed by Sarah Connolly ("Named Plaintiff") against Umpqua Bank ("Umpqua"), Connolly v. Umpqua Bank, Case No. 2:15-cv-00517-TSZ, which is pending in the United States District Court for the Western District of Washington ~~(U.S.D.C., W.D. Washington at Seattle)~~.

Please visit www._____.com for additional information.

~~Connolly v. Umpqua Bank Settlement Administrator, c/o JND Legal Administration, P.O. Box 91307, Seattle, WA 98111~~

~~You have been identified as a potential Settlement Class Member in a class action lawsuit that alleges that Umpqua violated the Fair Credit Reporting Act (FCRA) by procuring background and credit checks without complying with certain aspects of the FCRA. A proposed settlement has been reached in the lawsuit.~~

**What can you get?** If the Court approves the settlement~~.~~, Umpqua will establish a $325,000.00 Settlement Fund. There are estimated to be 3,871 Settlement Class Members. From the Settlement Fund, Named Plaintiff and Class Counsel will ask the Court to approve the payment of administrative expenses estimated to be $25,000, attorneys' fees of $108,322 (one-third of the Settlement Fund), costs of up to $6,000, and an incentive award for the Named Plaintiff of $2,500. The remainder will be divided equally among Settlement Class Members. Each Settlement Class Member who does not opt out will receive an estimated payment of $40.00 - $48.00.

Under the proposed settlement, the aggregate amount of any uncashed or unclaimed checks will be divided equally among three charitable organizations (the "cy pres recipients"), namely Northwest Consumer Law Center, Oregon Law Center, and Privacy Rights Clearinghouse. You may object to the cy pres distribution or the cy pres recipients even if you do not otherwise object to the Settlement. (~~S~~see below regarding how to object.)

**How do you get money?** If the Settlement is approved by the Court, all Settlement Class Members will receive certain monetary benefits. You do NOT need to do anything to receive these benefits.

**Your other rights?** If you do not want to be legally bound by the Settlement, you must exclude yourself. An exclusion form is contained in the long form Notice which will be sent to you by email or first class mail, and will also be posted on the settlement website: www._____.com. Your exclusion must be mailed to the Settlement Administrator at the address shown below, postmarked by **January 10, 2019** ~~2018~~. If you do not exclude yourself, you will not be able to sue Umpqua for any claim relating to the ones in this lawsuit, which are further explained in the long form Notice, and posted on the website. If you exclude yourself, you cannot get money from the Settlement.

If you stay in the Settlement Class, but do not think it is fair, you have the right to object to the Settlement. You may send a written objection to the Settlement Administrator at the address below, or you may appear in person at the Court Hearing, at the date and time set forth below, to raise any objections. If you send a written objection, ~~you should send it so that~~ it ~~is~~ must be postmarked by **January 10, 2019**.

Additional details on excluding yourself and how to object to the Settlement are contained in the long form notice which is available on the Settlement Website at [insert link to www.WEBSITE.COM.

**Court Hearing.** The Court will hold a hearing in this case on **February 21, 2019**, 2018, at **10:00 a.m.** p.m. in Courtroom 15206 on the 15th Floor of at the U.S. District Court for the Western District of Washington at SeattleUnited States Courthouse, located at 700 Stewart Street, Seattle, WA 98101, to consider whether to approve the Settlement. You may attend the hearing and ask to be heard by the Court, but you do not have to do so. If you do not take any action, you will be legally bound by the Settlement and any orders or judgments entered in the action, and you will fully, finally, and forever give up any rights to bring the claims currently asserted in this in litigation against Umpqua.

This notice is only a summary. **For more information, or for questions, you can contact**:

| Class Counsel Elizabeth Ryan at (617)439-6730, eryan@baileyglasser.com |
|---|

or

| Connolly v. Umpqua Bank Settlement Administrator, c/o JND Legal Administration, P.O. Box 91307, Seattle, WA 98111, **call toll-free at 1-800-XXX-XXXX**. |
|---|

or

| go to www.                              .com. |
|---|

Do not contact the Court, Umpqua or their its counsel in this Action with questions.

*EXHIBIT B*

# If you applied for a job or were employed by Umpqua bank, and you completed a form authorizing Umpqua to obtain a credit report about you, you ~~may~~ might be entitled to payment from a class action.

*This Notice Is Not A Solicitation From A Lawyer.*

- Umpqua Bank's records identify you as a member of the Settlement Class in a class-action lawsuit that was filed by Sarah Connolly (the "Plaintiff" or "Named Plaintiff") against Umpqua Bank ("Umpqua" or "Defendant").
- The proposed settlement requires Defendant to provide Settlement Class Members with a check in an amount to be determined, estimated to be $40 - $48. Details are below.
- These rights and options – **and the deadlines to exercise them** – are explained in more detail below.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | | |
|---|---|---|
| **DO NOTHING** | If you do nothing you will remain eligible to participate in the settlement, and obtain benefits. You will be bound by the Court's Final Judgment and the release of claims, ~~explained~~ as set forth in the Settlement Agreement. | |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement, you will not receive any benefits from the Settlement. Excluding yourself is the only option that allows you to ever bring or maintain your own lawsuit against the Defendant regarding the allegations in the Lawsuit. | Deadline: ~~[Month Day, Year]~~ **January 10, 2019** |
| **OBJECT** | You may write to the Court about why you object to the Settlement and think it shouldn't be approved. Filing an objection does not exclude you from the Settlement. You may also attend the Final Approval Hearing on **February 21, 2019, at 10:00 a.m.**, and object to the settlement without sending any written objection. | Deadline for Written Objection: ~~[Month Day, Year]~~ **January 10, 2019** |

- ~~These rights and options – **and the deadlines to exercise them** – are explained in more detail below.~~

The Court in charge of this Lawsuit has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement. The relief provided to Settlement Class Members will be provided only if the Court gives final approval to the Settlement and, if there are any appeals, after the appeals are resolved in favor of the Settlement. ***Please be patient.***

| **WHAT THIS NOTICE CONTAINS** |
|---|

**BASIC INFORMATION- THIS CASE** .................................................................................................2

**HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?** ............................................................... 2

**THE SETTLEMENT BENEFITS – WHAT YOU GET** ..........................................................................3

**THE SETTLEMENT RELEASE—WHAT YOU WILL GIVE UP** .........................................................4

**YOUR RIGHTS - EXCLUDE YOURSELF** ........................................................................................4

**YOUR RIGHTS - OBJECT TO THE SETTLEMENT** ..........................................................................5

**FINAL APPROVAL HEARING** ........................................................................................................5

**GETTING MORE INFORMATION** ...................................................................................................6

**WHAT IF MY ADDRESS OR OTHER INFORMATION HAS CHANGED OR CHANGES AFTER I RECEIVE MY NOTICE?** ................................................................................................................ 6

**IMPORTANT ADDRESSES** ..............................................................................................................6

**IMPORTANT DATES** ......................................................................................................................7

| **BASIC INFORMATION- THIS CASE** |
|---|

A class action lawsuit entitled *Connolly v. Umpqua Bank,* Case No. 2:15-cv-00517-TSZ, is pending in the U.S. District Court for the Western District of Washington at Seattle (the "Lawsuit"). The Lawsuit claims that Defendant violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681a-1681x, by procuring background and credit checks without complying with certain aspects of 15 U.S.C. § 1681b(b)(2). Defendant denies the claims, has asserted numerous defenses to the action, and denies that class certification is required or appropriate.

The Court has not decided who is right or wrong in this Lawsuit. Although no decision has been made about who is right and who is wrong, both sides have agreed to a proposed Settlement. A Settlement avoids the expense, delay and uncertainty of a trial and gets relief to Settlement Class Members more quickly. The Plaintiff and the attorneys for the Settlement Class think the Settlement is best for all Settlement Class Members.

The Lawsuit is called a "Class Action" because the Class Representative is suing on behalf of other people with similar claims, called "Class Members." The parties have agreed to treat the Lawsuit as a Class Action for settlement purposes only.

| **HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?** |
|---|

You are a Settlement Class Member if:

(i) you applied for employment with, or are/were employed by, Umpqua Bank, (ii) you completed a disclosure and authorization form during the Class Period, defined as April 2, 2010 – September 21, 2015, and (iii) ~~about whom~~ Umpqua obtained, during the Class Period, a consumer report about you for employment purposes.

2

| THE SETTLEMENT BENEFITS – WHAT YOU GET |
|---|

If the Settlement is approved by the Court, all Settlement Class Members will receive certain monetary benefits. If the Settlement is not approved by the Court, Settlement Class Members will not get any benefits of the Settlement and the parties will go back to Court for further proceedings, including possibly a trial. The parties have made their best efforts to negotiate a settlement that is fair and reasonable under the circumstances.

**Cash Payments**. Defendant will pay $325,000 (the "Settlement Amount") into a Settlement Fund which will be used to make cash payments to Settlement Class Members. There are estimated to be 3,871 Settlement Class Members. Each Settlement Class Member will be entitled to an equal share of the Settlement Fund, after deduction for court approved attorneys' fees and expenses, an incentive payment to the Class Representative for her service in bringing this Lawsuit, and the costs of settlement and administration. As described in more detail below, the Plaintiff intends to apply for an incentive payment of $2,500, class counsel intend to apply for attorneys' fees of $108,322 and costs up to $6,000, and settlement administration fees are estimated to be approximately $25,000. The Plaintiff estimates that, after deductions for court approved attorneys' fees and expenses, an incentive payment, and administrative costs, ~~this payment will be~~ each Settlement Class Member will receive approximately $40 - $48 ~~per class member, though this amount is an estimate~~.

**You do NOT need to do anything to receive these benefits.**

**Named Plaintiff Incentive Payment**. The Named Plaintiff will request an incentive payment of $2,500 for her services as a class representative and her efforts in bringing the Lawsuit. If the Court approves the request, the incentive payment will be paid from the Settlement Amount.

**Attorneys' Fees**. Counsel for the Settlement Class will seek attorneys' fees and costs from the Settlement Amount of up to $108,322 (one-third of the Settlement Fund)~~,~~ and expenses up to $6,000~~, subject to approval by the Court at the Final Approval Hearing referred to below~~. If the Court approves the request, the fees and costs will be paid from the Settlement Amount. If you wish to respond to the motion for attorney's fees and costs, you must do so by February 4, 2019. The Plaintiff's application for attorneys' fees and costs, and incentive payment, is available on the Settlement Administrator's website for this case: www._.com. You can also obtain a copy of the fee application by email or by mail, by contacting class counsel at either of the addresses below:

| | |
|---|---|
| Elizabeth A. Ryan | Nicholas F. Ortiz |
| Bailey & Glasser LLP | Law Office of Nicholas F. Ortiz, P.C |
| 99 High Street, Suite 304 | 99 High Street, Suite 304 |
| Boston, MA 02110 | Boston, MA 02110 |
| T: 617.439.6730 | T: (617) 338-9400 |
| F: 617.951.3954 | F: (617) 507-3456 |
| eryan@baileyglasser.com | nfo@mass-legal.com |

**Uncashed Checks**. Any uncashed or unclaimed checks from these settlement payments will not revert to Umpqua. If approved by the Court, the aggregate amount of any uncashed or unclaimed checks will be divided equally among three charitable organizations (the "cy pres recipients"), which serve a geographical area reflective of the distribution of the Settlement Class, namely: (1) The Northwest

Consumer Law Center in Washington, which focuses on consumer law, including credit reporting law, and provides representation and legal advice to individuals with consumer issues, training and support to other lawyers who help consumers, and education for consumers about their rights and options; (2) the Oregon Law Center, which provides advice to individuals throughout the state of Oregon about their rights under the FCRA and other consumer laws, and employment issues; and (3) the Privacy Rights Clearinghouse (PRC), which serves Californians statewide and works to educate and enable consumers to protect their privacy.

You may object to the cy pres distribution or the cy pres recipients even if you do not otherwise object to the Settlement.

## THE SETTLEMENT RELEASE—WHAT YOU WILL GIVE UP

If the Court approves the proposed Settlement, unless you exclude yourself from the Settlement, you will be releasing your claims against Defendant. **A RELEASE MEANS THAT YOU WILL NOT BE ABLE TO FILE A LAWSUIT, CONTINUE PROSECUTING A LAWSUIT, OR BE PART OF ANY OTHER LAWSUIT AGAINST UMPQUA BANK REGARDING CLAIMS RELATED TO THE DISCLOSURE AND AUTHORIZATION FORM USED DURING THE CLASS PERIOD (APRIL 2, 2010 – SEPTEMBER 21, 2015) TO OBTAIN A CONSUMER REPORT (CREDIT REPORT).**

## YOUR RIGHTS - EXCLUDE YOURSELF

If you are a member of the Settlement Class, you are included in the Settlement unless you request to be excluded. If you remain in the Settlement Class and this Settlement is approved by the Court, you will receive the benefits described above. If you do not want to participate in the Settlement, you can exclude yourself or "opt out." If you exclude yourself, you will not receive any benefits from the Settlement, but you will not be bound by any judgment or release in this Lawsuit and will keep your right to sue Defendant on your own if you want. If you exclude yourself, you may not object to the Settlement.

To exclude yourself, you must send a written request that contains your original signature and: **(a)** the name and case number of the Lawsuit, "*Connolly v. Umpqua Bank,* Case No. 2:15-cv-00517-TSZ"; **(b)** your full name, address, email address, and telephone number; and **(c)** a statement that you do not wish to participate in the Settlement, postmarked no later than [Month Day, Year]**January 10, 2019,** to the Settlement Administrator at:

> Connolly v. Umpqua Bank Settlement Administrator
> c/o JND Legal Administration
> P.O. Box 91307
> Seattle, WA 98111

An opt out form is included at the end of this Notice, and is also posted on the website at www_____.

**IF YOU DO NOT MAKE A TIMELY AND VALID REQUEST FOR EXCLUSION, YOU WILL REMAIN A SETTLEMENT CLASS MEMBER AND BE BOUND BY THE SETTLEMENT.**

4

| YOUR RIGHTS - OBJECT TO THE SETTLEMENT |
|---|

If you do not request to be excluded, you may object to the Settlement. You may not do both. You may object in person at the Final Approval Hearing, or in writing before the Final Approval Hearing.

### Objecting in Writing

To object in writing, send a letter saying that you object to "*Connolly v. Umpqua Bank*, Case No. 2:15-cv-00517-TSZ" to the Settlement Administrator at:

Connolly v. Umpqua Bank Settlement Administrator
c/o JND Legal Administration
P.O. Box 91307
Seattle, WA 98111

Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. ~~Mail t~~The objection ~~to the Settlement Administrator so that it is~~ must be postmarked by ~~[Month] [Day], 2018~~**January 10, 2019**.

You may, but need not, file and serve your objection through counsel of your choice. If you do make your objection through an attorney, you will be responsible for your personal attorneys' fees and costs. If you object in writing, you need not appear at the Final Approval Hearing, but you may attend.

### Objecting in Person

You may also object to the settlement at the Final Approval Hearing, either in person or through personal counsel hired at your expense. You do not need to send a written objection before the Final Approval Hearing if you wish to appear at the Hearing to object.

**IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, EITHER IN WRITING BEFORE THE FINAL APPROVAL HEARING OR AT THE FINAL APPROVAL HEARING, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS TO THE SETTLEMENT**.

| FINAL APPROVAL HEARING |
|---|

The Court will hold a hearing on **February 21, 2019, at 10:00 a.m.,** in Courtroom 15206 on the 15th Floor of ~~at~~ the United States ~~District~~ Courthouse ~~for the Western District of Washington at Seattle~~, located at 700 Stewart Street, Seattle, WA 98101, to decide whether to give final approval to the Settlement. The purpose of the Final Approval Hearing will be for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the Class; to consider the award of attorneys' fees and costs to Class Counsel; to consider the request for an incentive payment to the Plaintiff; and to consider whether the Settlement Class Members should be bound by the Release and be prohibited from suing over Released Claims.

Please contact the Settlement Administrator or class counsel for any updates about the Settlement generally or the Final Approval Hearing specifically. At that hearing, the Court will hear any Objections and arguments concerning the fairness of the Settlement. You may attend, but you ~~do not have to~~ are not required to do so unless you wish to object and have not done so in advance in writing.

5

## GETTING MORE INFORMATION

This Notice is a summary. If you have questions or would like more information, you may contact the Settlement Administrator at the postal mailing address: c/o JND Legal Administration, P.O. Box 91307, Seattle, WA 98111, or **call toll-free at 1-800-XXX-XXXX**. You may also obtain information about the case and key documents on the Settlement Administrator's website: www._____.com, including the Settlement Agreement, the motion for preliminary approval, the complaint, court orders, and Plaintiff's application for attorneys' fees.

You may also contact Class Counsel at the phone number and/or address listed below. Please be advised that Defendant and/or Defendant's Counsel cannot comment or otherwise provide any advice with respect to this Notice or the Settlement.

Any opt-out forms or objections should be sent to the Settlement Administrator, not to the Court. Any questions should be directed either to the Settlement Administrator or to Class Counsel, not to the Court.

**Please do not contact the Judge concerning this case.**

## WHAT IF MY ADDRESS OR OTHER INFORMATION HAS CHANGED OR CHANGES AFTER I RECEIVE MY NOTICE?

It is your responsibility to inform the Settlement Administrator of your updated information so that a check may be sent to you if the settlement is approved. You may do so at the address below:

Connolly v. Umpqua Bank Settlement Administrator
c/o JND Legal Administration
P.O. Box 91307
Seattle, WA 98111

## IMPORTANT ADDRESSES

**Class Counsel:**

| | |
|---|---|
| Elizabeth A. Ryan | Nicholas F. Ortiz |
| Bailey & Glasser LLP | Law Office of Nicholas F. Ortiz, P.C |
| 99 High Street, Suite 304 | 99 High Street, Suite 304 |
| Boston, MA 02110 | Boston, MA 02110 |
| T: 617.439.6730 | T: (617) 338-9400 |
| F: 617.951.3954 | F: (617) 507-3456 |
| eryan@baileyglasser.com | nfo@mass-legal.com |

**Defendant's Counsel**:

James E. Howard
Lauren A. Dorsett
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101

**Class Administrator:**

Connolly v. Umpqua Bank Settlement Administrator
c/o JND Legal Administration
P.O. Box 91307
Seattle, WA 98111

**toll-free at 1-800-XXX-XXXX**

**Court**:

United States District Court for the Western District of Washington ~~at Seattle~~
700 Stewart Street
Seattle, WA 98101

DO NOT CONTACT THE COURT OR THE JUDGE
ABOUT THIS CASE

**IMPORTANT DATES**

| | |
|---|---|
| **~~XXXXXXX~~** **January 10, 2019** | All OPT OUTS/REQUESTS FOR EXCLUSION must be postmarked and mailed to the Settlement Administrator. |
| **~~XXXXXXX~~** **January 10, 2019** | ANY WRITTEN OBJECTIONS must be postmarked and mailed to the Settlement Administrator. |
| **February 4, 2019** | DEADLINE for any responses to any motion for attorney's fees and costs and/or to any motion for final approval of the proposed class action settlement. |
| **~~XXXXXXX, at __:__~~** **February 21, 2019 at 10:00 a.m.** | FINAL APPROVAL HEARING. |

Dated: XXX XX, 2018

*Connolly v. Umpqua Bank* Settlement Administrator
c/o JND Legal Administration
P.O. Box 91307
Seattle, WA 98111

*Connolly v. Umpqua Bank*
Case No. 2:15-cv-00517-TSZ
(U.S.D.C., W.D. Washington at Seattle)

**Must Be Postmarked
No Later Than
January 10, 2019**

# Opt Out Form

I wish to exclude myself from the Settlement in *Connolly v. Umpqua Bank*, Case No. 2:15-cv-00517-TSZ.

ORIGINAL SIGNATURE: _____   DATE (mm/dd/yyyy): _____

Print Full Name: _____

**Address**

[                                                                 ]

**City**                                                          **State**       **Zip Code**

[                                        ]                        [      ]        [           ]

**Email Address**

[                                                                 ]

**Telephone Number**

[                                                                 ]

Return fully completed form to:
*Connolly v. Umpqua Bank* Settlement Administrator
c/o JND Legal Administration
P.O. Box 91307
Seattle, WA 98111

Is this address different than the one this Notice and Claim Form was addressed to?   ○ Yes   ○ No