1

2

3

4

5

6

7

8

9

10

Honorable Thomas S. Zilly

11

## U.S. DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

12

13

| | |
|---|---|
| SARAH CONNOLLY, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>UMPQUA BANK,<br><br>　　　　　　　　Defendant. | NO. 2:15-CV-00517-TSZ<br><br>**PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD**<br><br>**Note on Motion Calendar: February 15, 2019** |

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEYS' FEES,
COSTS AND INCENTIVE AWARD
NO. 2:15-CV-00517-TSZ

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

# TABLE OF CONTENTS

**Page No.**

I.      INTRODUCTION ........................................................................................ 1

II.     BACKGROUND ......................................................................................... 1

    A.   Summary Of The Claims And Class Counsel's Efforts.......................... 1

    B.   The Settlement ........................................................................... 4

    C.   Class Counsel's Experience And Efforts to Secure Benefits for the Class ................ 5

III.    AUTHORITY AND ARGUMENT ............................................................... 6

    A.   The Requested Attorneys' Fees And Costs Are Reasonable ...................... 6

        1.   Percentage of the Fund Analysis Supports Counsel's Fee Request...................... 7

            a)   Class Counsel Achieved An Excellent Settlement For The Class................... 8

            b)   Class Counsel Assumed A Significant Risk Of No Recovery......................... 9

            c)   Class Counsel's Skill And Quality Of Work Delivered A Recovery For The Class................ 10

            d)   Awards In Similar Cases Show That The Requested Fee Is Reasonable ....... 11

        2.   Lodestar Analysis Confirms That The Requested Fee Is Reasonable ................. 12

            a)   Class Counsel's Hourly Rates Are Reasonable ............................................. 13

            b)   Class Counsel Expended A Reasonable Number Of Hours Litigating The Case................. 14

            c)   Class Counsel's Requested Fee Reflects a "Negative" Multiplier ................ 15

        3.   Class Counsel's Litigation Costs Were Necessarily And Reasonably Incurred... 15

        4.   The Named Plaintiff's Incentive Award Of $2,500 Should Be Approved ........... 16

IV.     CONCLUSION.......................................................................................... 17

PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEYS' FEES,
COSTS AND INCENTIVE AWARD
NO. 2:15-CV-00517-TSZ - i

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

1

2

## <u>TABLE OF AUTHORITIES</u>

3

**Page(s)**

4

**Cases**

5

6

*Aceves v. Autozone Inc.*,
No. 5:14-cv-2032, ECF No. 58 (C.D. Cal. Nov. 18, 2016) .......................................5

7

*In re Aftermarket Auto. Lighting Prods. Antitrust Litig.*,
No. 09 MDL 2007, 2014 WL 12591624 (C.D. Cal. Jan. 10, 2014) ..........................9

8

*In re Bluetooth Headset Prods. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) ....................................................................7, 12, 13

9

*Blum v. Stenson*,
465 U.S. 886 (1984)..................................................................................................13

10

*Brown v. Lowe's*,
5:13-cv-00079 (W.D.N.C. Nov. 1, 2016) ..................................................................5

11

12

*In re Capital One Tel. Consumer Prot. Act Litig.*,
80 F. Supp. 3d 781 (N.D. Ill. 2015) ........................................................................12

13

*Chakejian v. Equifax Info. Servs.*,
LLC, 275 F.R.D. 201 (E.D. Pa. 2011) .......................................................................4

14

15

*In re Coordinated Pretrial*,
109 F.3d at 607 ..........................................................................................................7

16

*Corson v. Toyota Motor Sales U.S.A., Inc.*,
No. CV 12-8499-JGB, 2016 WL 1375838 (C.D. Cal. Apr. 4, 2016) ......................16

17

*Craft v. Cnty. of San Bernardino*,
624 F. Supp. 2d 1113 (C.D. Cal. 2008) ...................................................................15

18

19

*Dennings v. Clearwire Corp*,
2013 WL 1858797 (W.D. Wash. May 3, 2013)........................................................16

20

*Destefano v. Zynga, Inc.*,
No. 12-cv-04007-JSC, 2016 WL 537946 (N.D. Cal. Feb. 11, 2016) ......................10

21

22

*Feist v. Petco Animal Supplies, Inc.*,
C.A. No. 3:16-cv-01369-H-MSB, 2018 WL 6040801 (S.D. Cal. Nov. 16,
2018) ...........................................................................................................................9

23

24

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

*Ford v. CEC Entertainment Inc.*,
No. 14cv677 JLS (JLB), 2015 WL 11439033 (S.D. Cal. Dec. 14, 2015) ...............................7

*Glass v. UBS Fin. Servs., Inc.*,
331 F. App'x 452 (9th Cir. 2009) ....................................................................................7, 12

*Gustafson v. Valley Ins. Co.*,
No. CV 01-1575-BR, 2004 WL 2260605 (D. Or. Oct. 6, 2004) ...........................................11

*Hopkins v. Stryker Sales Corp.*,
No. 11-CV-02786-LHK, 2013 WL 496358 (N.D. Cal. Feb. 6, 2013)....................................16

*Ikuseghan v. Multicare Health Sys.*,
No. C 14-5539 BHS, 2016 WL 4363198 (W.D. Wash. Aug. 16, 2016) .................................12

*James v. JPMorgan Chase Bank, N.A.*,
No. 8:15-cv-2424-T-23 JSS, 2017 WL 2472499 (M.D. Fla. June 5, 2017) ...........................12

*Jenson. v. First Tr. Corp.*,
No. CV 05-3124 ABC, 2008 WL 11338161 (C.D. Cal. June 9, 2008) ..................................10

*Knight v. Red Door Salons, Inc.*,
No. 08-01520, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009) ...................................................11

*Krakauer v. Dish Network, L.L.C.*,
No. 1:14-cv-00333, 2018 WL 6305785 (M.D.N.C., 2018) ...................................................12

*Landrum v. Acadian Ambulance Serv., Inc.*,
No. 14-cv-1467, ECF No. 37 (S.D. Tex. Nov. 5, 2015) ..........................................................5

*Lees v. Anthem Ins. Cos., Inc.*,
No. 4:13-cv-1411 SNLJ, 2015 WL 3645208 (E.D. Mo. June 10, 2015)...............................12

*Lofton v. Verizon Wireless (VAW) LLC*,
No. C 13-05665 YGR, 2016 WL 7985253 (N.D. Cal. May 27, 2016)...................................11

*Lushe v. Verengo, Inc.*,
No. CV13-07632-AB (C.D. Cal. May 2, 2016).....................................................................14

*Manuel v. Wells Fargo Bank*,
N.A., No. 3:14-cv-238 (E.D. Va. Dec. 17, 2015) ....................................................................9

*Mark v. Valley Ins. Co.*,
No. CV 01-1575-BR, 2005 WL 1334374 (D. Or. May 31, 2005)..........................................11

*Meilleur v. AT&T Corp.*
C11-01025 MJP (W.D. Wash. Mar. 2013) .............................................................................14

PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEYS' FEES,
COSTS AND INCENTIVE AWARD
NO. 2:15-CV-00517-TSZ - iii

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

*Melito v. Am. Eagle Outfitters, Inc.*,
No. 14-cv-2440 (VEC), 2017 WL 3995619 (S.D.N.Y. Sept. 11, 2017)...............................12

*Moore v. Aerotek, Inc.*,
No. 2:15-cv-2701, 2017 WL 2838148 (S.D. Ohio June 30, 2017)...........................................4

*Moreno v. City of Sacramento*,
534 F.3d 1106 (9th Cir. 2008) .......................................................................................13

*Nesbitt v. Postmates, Inc.*,
No. CGC-15-547146 (Cal. Sup. Ct. San Francisco County Nov. 8, 2017) .............................4

*In re Omnivision Techs., Inc.*,
559 F. Supp. 2d 1036 (N.D. Cal. 2008) ............................................................................7, 9

*In re Online DVD-Rental Antitrust Litig.*,
779 F.3d 934 (9th Cir. 2015) ...............................................................................9, 16, 17

*Patel v. Trans Union, LLC*,
No. 14-cv-00522-LB, 2018 WL 1258194 (N.D. Cal. Mar. 11, 2018)....................................11

*Patrick v. Interstate Mgmt. Co., LLC*,
No. 8:15-cv-1252, ECF No. 42 (M.D. Fla. Apr. 29, 2016) ....................................................5

*Pelletz v. Weyerhaeuser Co.*,
592 F. Supp. 2d 1322 (W.D. Wash. 2009)..........................................................................17

*Perkins v Linkedin Corp.*,
No. 13-cv-04303-LHK, 2016 WL 613255 (N.D. Cal. Feb. 16, 2016) ...................................9

*Pokorny v. Quixtar, Inc.*,
No. C 07–0201 SC, 2013 WL 3790896 (N.D. Cal. July 18, 2013) ........................................8

*Razilov v. Nationwide Mut. Ins. Co.*,
No. 01-CV-1466-BR, 2006 WL 3312024 (D. Or. Nov. 13, 2006)........................................11

*Rinky Dink, Inc. v. Electronic Merchant Systems, Inc.*,
No. C13-1347-JCC (W.D. Wash. Apr. 19, 2016)................................................................14

*Rinky Dink, Inc. v. World Business Lenders, LLC*,
No. 2:14-cv-0268-JCC (W.D. Wash. May 31, 2016) ..........................................................14

*Santos v. Jaco Oil Co.*,
No. 1:14-CV-0738 -JLT, 2015 WL 5732829 (E.D. Cal. Sept. 29, 2015)...............................11

*Spokeo, Inc. v. Robbins*,
136 S. Ct. 1540 (2016)......................................................................................................2

PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEYS' FEES,
COSTS AND INCENTIVE AWARD
NO. 2:15-CV-00517-TSZ - iv

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

*Staton v. Boeing Co.*,
    327 F.3d (9th Cir. 2013) ...................................................................................17

*Steiner v. Am. Broad. Co.*,
    248 Fed. Appx. 780 (9th Cir. 2007)...................................................................15

*Trevino v. Gates*
    99 F.3d 911 (9th Cir. 1996) ..............................................................................13

*Van Vranken v. Atl. Richfield Co.*,
    901 F. Supp. 294 (N.D. Cal. 1995) ....................................................................15

*Villalpando v. Exel Direct, Inc.*,
    2016 WL 7740854 (N.D. Cal. Dec. 12, 2016) ...................................................14

*Vincent v. Hughes Air W.*,
    557 F.2d 759 (9th Cir. 1977) .............................................................................16

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) ...........................................................7, 8, 10, 12

*Walker v. McClane/Midwest, Inc.*,
    No. 2:14-cv-04315 (W.D. Mo. Oct. 23, 2015) ...................................................5

*In re Yahoo Mail Litig.*,
    No. 13-CV-4980-LHK, 2016 WL 4474612 (N.D. Cal. Aug. 25, 2016).................17

*Zwicker v. Gen. Motors Corp.*,
    No. C07-0291 JCC (W.D. Wash. 2008) ............................................................14

**Statutes**

15 U.S.C. §§ 1681a-1681x.............................................................................. *passim*

15 U.S.C.§ 1681n(a)(1)...........................................................................................3

15 U.S.C.§ 1681o(a)(1)...........................................................................................3

28 U.S.C. § 1292(b) ...............................................................................................2

**Rules**

Fed. R. Civ. P. 23(h) .............................................................................................16

PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEYS' FEES,
COSTS AND INCENTIVE AWARD
NO. 2:15-CV-00517-TSZ - v

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 ● FAX 617.951.3954
www.baileyglasser.com

## I.      INTRODUCTION

Plaintiff and Class Counsel litigated this FCRA class action over more than three years, engaged in mediation and extensive negotiations with Defendant Umpqua Bank, and ultimately achieved a favorable settlement on behalf of the Settlement Class. The Settlement, if approved, will provide cash awards to Settlement Class Members, immediately, without the need for a claim form. To compensate them for their efforts, Class Counsel request a fee award of $97,500, 30% of the $325,000 Settlement Fund, plus reimbursement for litigation costs of $6,000. Class Counsel's request accounts for the results they obtained for the Class given the risks they faced in prosecuting this action and the quality of their work. A lodestar crosscheck confirms the reasonableness of their request, as the amount requested is substantially less than Class Counsel's lodestar.

Class Counsel also request that the Court approve an incentive award to the Plaintiff, Sarah Connolly, in the amount of $2,500 for her efforts on behalf of the Class. Ms. Connolly has participated in this action since its inception. She assisted in Class Counsel's investigation, responded to written discovery requests, and was ready and willing to testify at trial. A $2,500 incentive award for her efforts is reasonable and appropriate.

## II.     BACKGROUND

### A.      Summary Of The Claims And Class Counsel's Efforts

Plaintiff filed this putative class action on April 4, 2015, alleging that Umpqua's background check practices violated the FCRA, 15 U.S.C. §§ 1681a-1681x. Dkt. No. 1. Class Counsel's work on the case began before the action commenced. The action presented a number of potential litigation challenges.

From the outset, the case was actively litigated. On July 9, 2015, Umpqua moved to dismiss the complaint for failure to state a claim. Dkt. No. 20. That motion was denied in part

PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS AND INCENTIVE AWARD
NO. 2:15-CV-00517-TSZ - 1

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

1  and allowed in part on October 23, 2015. Dkt. No. 38. The Court dismissed one count relating to

2  the failure to provide adverse action notices. On December 31, 2015, Umpqua filed a motion to

3  stay the litigation pending the outcome of the Supreme Court's ruling in *Spokeo, Inc. v. Robbins*,

4  136 S. Ct. 1540 (2016), which was to address what constitutes an injury and standing when a

5  plaintiff asserts a violation of a statutory right but no "concrete" injury. Dkt. No. 42. Ms.

6  Connolly opposed the stay request on the grounds that she alleged concrete injuries. Dkt. No. 44.

7  The Court granted the stay on January 26, 2016. Dkt. No. 46.

8      On June 21, 2016, after the Supreme Court decided *Spokeo* and the stay was lifted,

9  Umpqua filed a new motion to dismiss for lack of subject matter jurisdiction, based on the

10 *Spokeo* ruling, and arguing that Ms. Connolly had not adequately alleged an injury for purposes

11 of standing under the test established in *Spokeo*. Dkt. No. 49. That motion was denied on

12 November 9, 2016, after oral argument. Dkt. No. 63. Shortly thereafter Umpqua filed a motion

13 for certification pursuant to 28 U.S.C. § 1292(b) and to stay the case. Dkt. No. 65. That motion

14 was denied as well. Dkt. No. 68. On January 25, 2017, Plaintiff filed a motion to amend the

15 complaint to clarify and further support her allegations of injury and willfulness.  Dkt. No. 70.

16 That motion was granted over Defendant's objection. Dkt. No. 76.

17     Later, and well into the litigation, Umpqua disclosed that some class members signed

18 agreements which it claimed required them to arbitrate their FCRA claims. *See* Declaration of

19 Elizabeth Ryan ("Ryan Decl.") ¶ 10. While Plaintiff believes there are grounds to challenge the

20 arbitration agreements, their existence created additional uncertainty, including to class

21 certification, and would require further motions practice and delay if Plaintiff was to continue

22 litigating the case.

23     In March and April of 2017, Umpqua produced a number of additional documents in

24

1    response to Plaintiff's discovery requests. *See* Ryan Decl. ¶ 11 The documents related to the

2    varying disclosure forms used to obtain credit and background checks on job applicants and

3    employees, and the size of the potential class. *See id.*

4         In July 2017, the parties agreed to participate in an in person mediation in Seattle with

5    Teresa A. Wakeen, J.D. Prior to mediating, Plaintiff requested and Umpqua agreed to share

6    additional information regarding the size of the potential settlement class, as well as information

7    about its background check practices and policies throughout the class period. *Id.* ¶ 13. Plaintiff's

8    counsel entered mediation with a comprehensive understanding of the class claims and

9    Umpqua's defenses. Although no agreement was reached during the mediation, the parties

10   continued to engage in substantive discussions in the months that followed. *Id.* ¶ 14. Ultimately,

11   the parties were able to reach an agreement in December 2017 that was preliminarily approved

12   by the Court on August 28, 2018. Dkt. No. 99.

13        Litigating the claims in this case would not be risk-free. Plaintiff is confident in the

14   strength of her case but also aware of the risks related to getting a class certified in a case like

15   this, and maintaining certification, where the defendant alleges that varying policies existed, and

16   where arbitration has been raised. Moreover, even if Plaintiff prevailed on certification, she

17   would still have had to prove that Umpqua's violation of the FCRA was willful, which would

18   require the parties to potentially undergo additional discovery and briefing or a jury trial. A

19   FCRA plaintiff can recover only when the defendant has acted negligently or willfully, and when

20   the defendant's violation was at most negligent, recovery is limited to actual damages. 15

21   U.S.C.§§ 1681n(a)(1), 1681o(a)(1). Because Plaintiff did not allege any actual damages, she

22   would have been required to prove that Umpqua's conduct was willful to recover statutory

23   damages for herself and any purported class. *See Chakejian v. Equifax Info. Servs.*, LLC, 275

24

PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEYS' FEES,
COSTS AND INCENTIVE AWARD
NO. 2:15-CV-00517-TSZ - 3

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

F.R.D. 201, 212 (E.D. Pa. 2011) (proving willfulness in FCRA case was "a high hurdle to clear" and weighed in favor of settlement approval).

**B.      The Settlement**

The Settlement Agreement requires Umpqua to pay $325,000 to establish a common Settlement Fund. The Settlement Fund will be used to make payments to Settlement Class Members and to pay, subject to Court approval, a class representative incentive award in the requested amount of $2,500, attorneys' fees in the requested amount of $97,500, the out-of-pocket litigation costs that Plaintiff's counsel incurred of $6,000, and notice and settlement administration costs, which are estimated at $24,000. The Settlement Fund is non-reversionary, ensuring that the monetary benefits will go to the Settlement Class; none of the Settlement Fund will be returned to Umpqua. If the Court approves counsel's requested fees, costs, and incentive award and notice costs, approximately $194,980 will remain in the Settlement Fund. The Settlement calls for this amount to be divided equally among all Settlement Class Members who do not opt out. Plaintiff estimates that each Settlement Class Member will receive approximately $44. Ryan Decl. ¶ 18.

This recovery compares very favorably with other settlements that have been approved in similar FCRA disclosure violation class actions. *See Nesbitt v. Postmates, Inc.*, No. CGC-15-547146 (Cal. Sup. Ct. San Francisco County Nov. 8, 2017) (disclosure class members received approximately $21.80 and adverse action class members received approximately $65.40); *Moore v. Aerotek, Inc.*, No. 2:15-cv-2701, 2017 WL 2838148, at *4 (S.D. Ohio June 30, 2017) (per-capita gross recovery of $25 in case involving a stand-alone disclosure claim and a claim that employer did not provide a copy of consumer report); *Aceves v. Autozone Inc.*, No. 5:14-cv-2032, ECF No. 58 (C.D. Cal. Nov. 18, 2016) (final approval of FCRA settlement with gross recovery of $20 per disclosure class member); *Brown v. Lowe's*, 5:13-cv-00079, ECF No. 173

1    (W.D.N.C. Nov. 1, 2016) (granting final approval of a pre-adverse action claim in which the

2    gross recovery was $60 per class member); *Patrick  v. Interstate Mgmt. Co., LLC*, No. 8:15-cv-

3    1252, ECF No. 42 (M.D. Fla. Apr. 29, 2016) (final approval of FCRA disclosure claim where

4    class members received $9 each); *Landrum v. Acadian Ambulance Serv., Inc.*, No. 14-cv-1467,

5    ECF No. 37 (S.D. Tex. Nov. 5, 2015) (final approval of FCRA disclosure settlement of $10 per

6    person); *Walker v. McClane/Midwest, Inc.*, No. 2:14-cv-04315, ECF No. 29 (W.D. Mo. Oct. 23,

7    2015) (final approval of FCRA settlement in which disclosure class members recovered $24).

8    **C.    Class Counsel's Experience And Efforts to Secure Benefits for the Class**

9        The specific qualifications of Class Counsel are set forth in the accompanying

10   Declarations of Elizabeth Ryan and Nicholas Ortiz and are incorporated herein. As a result of

11   their experience in this area, Class Counsel was able to efficiently and effectively litigate this

12   action and had the credibility necessary to negotiate a fair and reasonable settlement on behalf of

13   the Class.

14       Class Counsel has worked without compensation or reimbursement for their time and

15   out-of-pocket expenses necessary to position this case for settlement. Ryan Decl. ¶ 21. Before

16   taking on this case, Plaintiff and Class Counsel negotiated a customary contingency fee of up to

17   one-third, with the understanding that this amount was an appropriate incentive for Class

18   Counsel to take on the financial risks involved in the representation. *Id.* ¶ 22. Class Counsel also

19   agreed to advance all costs of this litigation. *Id.* ¶ 23. Plaintiff and Class Counsel agreed that

20   Class Counsel would receive reimbursement for their costs from the value of a successful

21   settlement or judgment. *Id* ¶ 24. In the event that Class Counsel did not successfully resolve this

22   matter, they would have been paid nothing and would have been required to absorb all costs that

23   were advanced as well as the value of their time.

24       Although the parties settled this case before trial, Class Counsel has invested a substantial

1    amount of time and resources investigating, litigating, and negotiating a resolution of this action.

2    *Id.* ¶ 37. Tasks performed by Class Counsel thus far include: (1) investigating the claims; (2)

3    communicating with Plaintiff; (3) researching and drafting the complaint; (4) researching and

4    drafting responses to Defendant's motions to dismiss, motion to stay, and motion for

5    interlocutory review; (5) amending the complaint; (6) exchanging and reviewing discovery; (7)

6    researching and drafting their mediation brief; (8) preparing for and participating in mediation;

7    (9) engaging in extended settlement negotiations with Defendant; (10) drafting the Settlement

8    Agreement and class notices; (11) drafting the preliminary approval brief; and (12) overseeing

9    administration of the Settlement. Ryan Decl. ¶ 38.

10         Class Counsel's fee summaries demonstrate the amount of time spent on this litigation.

11   *See* Ryan Decl. ¶ 29; Declaration of Nicholas F. Ortiz ("Ortiz Decl.") ¶ 5. To date, Class

12   Counsel's combined lodestar is $181,907, more than the fee requested. Ryan Decl. ¶ 25. Class

13   Counsel also anticipate contributing additional time and effort to this case, including drafting

14   final approval papers, and continuing to oversee settlement administration. *Id.* ¶ 35.

15   **III.    AUTHORITY AND ARGUMENT**

16         **A.    The Requested Attorneys' Fees And Costs Are Reasonable**

17         Class Counsel requests that the Court approve a payment of $97,500 in fees, and $6,000

18   for their actual, out-of-pocket expenses. Class Counsel fully disclosed to the Class their intent to

19   request fees and costs, and the amount and manner in which such fees and costs would be paid,

20   in the Court-approved notice.

21         Where, as here, counsel to a class action seek fees from the common fund, courts can use

22   either the percentage-of recovery or lodestar method to determine a reasonable fee. *Vizcaino v.*

23   *Microsoft Corp.,* 290 F.3d 1043, 1047 (9th Cir. 2002); *In re Bluetooth Headset Prods. Liab.*

24   *Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("Though courts have discretion to choose which

1   calculation method they use, their discretion must be exercised to achieve a reasonable result.");

2   *see also In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) (observing

3   that "use of the percentage method in common fund cases appears to be dominant"). While the

4   percentage of fund method is more appropriate when a common fund has been created for the

5   benefit of class members, *Glass v. UBS Fin. Servs., Inc.*, 331 F. App'x 452, 457 (9th Cir. 2009),

6   Class Counsel's request is reasonable under either method.

7                    1.        **Percentage of the Fund Analysis Supports Counsel's Fee Request**

8                The percentage-of-the-fund method is the appropriate method for determining a

9   reasonable fee in this case. The benefit to the Class is easily quantified. Class Counsel's efforts

10  resulted in a $325,000 Settlement Fund, all of which will be distributed to Settlement Class

11  Members after settlement administration expenses, court-approved fees and costs, and court-

12  approved incentive award, are deducted.

13               The Ninth Circuit has instructed that, in common fund cases, a 25% attorneys' fee award

14  is a "benchmark figure" with common fund fees typically ranging from 20% to 30% of the fund.

15  *In re Coordinated Pretrial*, 109 F.3d at 607 (citation omitted); *Vizcaino*, 290 F.3d at 1047-48.

16  And several courts have observed, 'most' settlements involving a common fund […] exceed the

17  twenty-five percent benchmark." *Ford v. CEC Entertainment Inc.*, No. 14cv677 JLS (JLB), 2015

18  WL 11439033, at *5 (S.D. Cal. Dec. 14, 2015) (citation omitted).  Indeed, while "[t]he Ninth

19  Circuit uses a 25% baseline in common fund class actions … in most common fund cases, the

20  award exceeds that benchmark, with a 30% award the norm absent extraordinary circumstances

21  that suggest reasons to lower or increase the percentage." *Pokorny v. Quixtar, Inc.*, No. C 07–

22  0201 SC, 2013 WL 3790896, at *1 (N.D. Cal. July 18, 2013), citing *In re Omnivision Techs.*

23  *Inc.*, 559 F. Supp. 2d 1036, 1047–48 (N.D. Cal. 2007) (internal quotations omitted).

24

In determining an appropriate attorney fee award, a court should consider "all of the circumstances of the case." *Vizcaino*, 290 F.3d at 1048. Relevant circumstances include: (1) the results achieved for the class, (2) the risk counsel assumed, (3) the skill required and the quality of the work, (4) the contingent nature of the fee, (5) whether the fee is above or below the market rate, and (6) awards in similar cases. *Id.* at 1048-50.

Consideration of "the circumstances of [this] case," *Vizcaino*, 290 F.3d at 1048, confirm that an award of 30% is appropriate.

          a)        **Class Counsel Achieved An Excellent Settlement For The Class**

Cognizant of the challenges of this litigation that could have prevented Settlement Class Members from recovering anything, Class Counsel set their sights on a resolution that would ensure Settlement Class Members received some financial compensation for their injuries. As described above, they cleared multiple early procedural hurdles in defeating Umpqua's motions to dismiss. They then focused on marshalling key evidence by serving discovery on Umpqua. They addressed Umpqua's efforts to potentially derail the class action by raising the issue of arbitration.

By obtaining the documents most necessary to prove their claims, Class Counsel were in a good position to discuss settlement at the mediation with Ms. Wakeen in July 2017. Ryan Decl. ¶ 14. Although it took several additional months of negotiations to reach a Settlement, the parties agreed to a $325,000 Settlement Fund that will pay Settlement Class Members approximately $44 each. This is a highly favorable outcome for the class in any FCRA case. *See In re Omnivision*, 559 F. Supp. 2d at 1046 ("The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award."). The Settlement in this case is in line with (and in fact superior to many) other FCRA settlements in this circuit and around the country. *See, e.g.*, cases cited at II.B. *supra*, and *Feist v. Petco Animal Supplies, Inc.*, C.A. No.

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

1    3:16-cv-01369-H-MSB, 2018 WL 6040801 (S.D. Cal. Nov. 16, 2018) (approving FCRA

2    "disclosure" class with $20 per class member recovery); *Manuel v. Wells Fargo Bank*, N.A., No.

3    3:14-cv-238, ECF No. 118 (E.D. Va. Dec. 17, 2015) (class member recovery of $35).

4         The efficiency with which Class Counsel obtained this Settlement is itself a benefit to the

5    Class. Courts recognize that classes benefit from resolution when "further litigation would have

6    delayed any potential recovery for the Class and have been costly and risky."[1] *Perkins v Linkedin*

7    *Corp.*, No. 13-cv-04303-LHK, 2016 WL 613255, at *2 (N.D. Cal. Feb. 16, 2016). Among other

8    things, absent settlement, Plaintiff would have had to prevail at class certification, likely defend

9    against a motion for summary judgment, and then prevail at trial, and on appeal. *See also In re*

10   *Aftermarket Auto. Lighting Prods. Antitrust Litig.*, No. 09 MDL 2007, 2014 WL 12591624, at *4

11   (C.D. Cal. Jan. 10, 2014) (recognizing the benefit of counsel's "effective and efficient"

12   prosecution of the case).

13              **b)**     **Class Counsel Assumed A Significant Risk Of No Recovery**

14        Class Counsel handled this case on a wholly contingency basis and undertook the risk of

15   no recovery. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015);

16   *Vizcaino*, 290 F.3d at 1048; *see also Jenson. v. First Tr. Corp.*, No. CV 05-3124 ABC, 2008 WL

17   11338161, at *12 (C.D. Cal. June 9, 2008) ("Uncertainty that *any* recovery ultimately would be

18   obtained is a highly relevant consideration. Indeed, the risks assumed by Counsel, particularly

19   the risk of non-payment or reimbursement of expenses, is important to determining a proper fee

20   award." (internal citation omitted)). "This is especially true where, as here, class counsel has

21   significant experience in the particular type of litigation at issue; indeed, in such contexts, courts

22   have awarded an even higher 33 percent fee award." *Id.* (citing *In re Heritage Bond Litig.*, No.

23   _____

24   [1] Although this action has been pending for approximately three years, it is in the relatively early stages of litigation because of the lengthy stay and multiple motions to dismiss.

PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEYS' FEES,
COSTS AND INCENTIVE AWARD
NO. 2:15-CV-00517-TSZ - 9

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

02-ML-1475 DT, 2005 WL 1594403, at *19 (C.D. Cal. June 10, 2005)). Class Counsel have significant experience litigating consumer protection claims, including FCRA claims. Ryan Decl. ¶ 31. And this litigation involved risk and uncertainty for the reasons discussed at 2-3 *supra*.

### c)   Class Counsel's Skill And Quality Of Work Delivered A Recovery For The Class

Despite the challenges involved, Class Counsel were able to litigate this case efficiently because of their experience in litigating class action cases. Class Counsel have litigated dozens of cases—achieving a successful resolution in many, but also losing some. Ryan Decl. ¶ 40. This depth of experience with consumer claims and class action litigation allowed Class Counsel to pursue the case and negotiate a settlement that capitalized on the claims' strengths while taking into account the risks of continued litigation. *See, e.g.*, Ryan Decl. ¶ 41.

"The quality of opposing counsel is also relevant to the quality and skill that class counsel provided," *Destefano v. Zynga, Inc.*, No. 12-cv-04007-JSC, 2016 WL 537946, at *17 (N.D. Cal. Feb. 11, 2016). Umpqua's counsel indicated early in the litigation that it planned to aggressively challenge Plaintiff's claims, as demonstrated by the memoranda Umpqua filed in support of its motions to dismiss. *See e.g.*, Dkt. No. 49. Class Counsel's ability to negotiate a favorable settlement despite the quality of work done by Umpqua's counsel supports their fee request. *See, e.g.*, *Lofton v. Verizon Wireless (VAW) LLC*, No. C 13-05665 YGR, 2016 WL 7985253, at *1 (N.D. Cal. May 27, 2016) (the "risks of class litigation against an able defendant well able to defend itself vigorously" support an upward adjustment in the fee award); *Knight v. Red Door Salons, Inc.*, No. 08-01520, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009) (where defense counsel "understood the legal uncertainties in this case[] and were in a position to mount a vigorous defense," the favorable settlement was a "testament to Plaintiffs' counsel's skill").

1

2

      **d)**     **Awards In Similar Cases Show That The Requested Fee Is Reasonable**

3

An award of 30% of the common fund is consistent with fee awards in other FCRA class

4

settlements in this circuit. *See*, *e.g.*, *Santos v. Jaco Oil Co.*, No. 1:14-CV-0738 -JLT, 2015 WL

5

5732829, at *16 (E.D. Cal. Sept. 29, 2015) (in FCRA class action, awarding a fee of 33.3% of

6

the $300,000 settlement fund); *Patel v. Trans Union, LLC*, No. 14-cv-00522-LB, 2018 WL

7

1258194, at *8 (N.D. Cal. Mar. 11, 2018) (in FCRA class action, awarding a fee of 33.3% of the

8

$8 million settlement fund); *Razilov v. Nationwide Mut. Ins. Co.*, No. 01-CV-1466-BR, 2006 WL

9

3312024, at *1 (D. Or. Nov. 13, 2006) (awarding a fee of 30% of a $19,242,000 settlement

10

fund); *Mark v. Valley Ins. Co.*, No. CV 01-1575-BR, 2005 WL 1334374, at *1 (D. Or. May 31,

11

2005) (awarding a fee of 30% of a $464,000.00 settlement fund); *Gustafson v. Valley Ins. Co.*,

12

No. CV 01-1575-BR, 2004 WL 2260605, at *2 (D. Or. Oct. 6, 2004) (awarding a fee of 30% of a

13

$282,003.62 settlement fund).

14

Moreover, courts in this circuit and around the country frequently award fees equal to

15

30% or more of the settlement fund in consumer cases. Less than two years ago, the District

16

Court for the Western District of Washington awarded a fee of 30% of a $2.5 million settlement

17

fund in a TCPA consumer class action. *Ikuseghan v. Multicare Health Sys.*, No. C 14-5539 BHS,

18

2016 WL 4363198, at *2 (W.D. Wash. Aug. 16, 2016).  Other courts have made similar fee

19

awards in consumer class actions. On December 3, 2018, Judge Eagles of the Middle District of

20

North Carolina awarded Bailey & Glasser a fee of 33.33% in a TCPA class action that resulted in

21

a $61 million judgment, a fee that represented a 4.39 lodestar multiplier, and approved Bailey &

22

Glasser's hourly rates. *Krakauer v. Dish Network, L.L.C.*, No. 1:14-cv-00333, 2018 WL 6305785

23

(M.D.N.C., 2018). *See also*, *e.g.*, *In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp.

24

3d 781, 804 (N.D. Ill. 2015) (determining that the typical attorneys' fee award in a consumer

case is 30% of the first $10 million recovered for the class); *Melito v. Am. Eagle Outfitters, Inc.*, No. 14-cv-2440 (VEC), 2017 WL 3995619, at *17 (S.D.N.Y. Sept. 11, 2017) (awarding a fee of 30% of a $14,500,000 settlement fund); *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-2424-T-23 JSS, 2017 WL 2472499, at *2 (M.D. Fla. June 5, 2017) (awarding a fee of 30% of a $3.75 settlement fund); *Lees v. Anthem Ins. Cos., Inc.*, No. 4:13-cv-1411 SNLJ, 2015 WL 3645208, at *4 (E.D. Mo. June 10, 2015) (awarding a fee of 34% of a $4.75 million fund).

This is also not a case in which a megafund settlement would provide Class Counsel with a windfall. *See In re Bluetooth*, 654 F.3d at 942. Consideration of all the relevant factors confirms the reasonableness of a fee award of 30% of the settlement fund.

### 2. Lodestar Analysis Confirms That The Requested Fee Is Reasonable

In the Ninth Circuit, courts may use a rough calculation of the lodestar as a crosscheck to assess the reasonableness of an award based on the percentage method. *Vizcaino*, 290 F.3d at 1050 ("[W]hile the primary basis of the fee award remains the percentage method, the lodestar may provide a useful perspective on the reasonableness of a given percentage award."); *see also Glass*, 331 F. App'x at 456-57 (affirming a fee award of 25% of a settlement fund with an "informal" lodestar crosscheck and despite "the relatively low time-commitment by plaintiff's counsel" because "the district court did not abuse its discretion in giving weight to other factors, such as the results achieved for the class and the favorable timing of the settlement"). Courts use a two-step process in applying the lodestar method. First, the court calculates the "lodestar figure" by multiplying the number of hours reasonably expended by a reasonable rate. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Once the lodestar is determined, the amount may be adjusted to account for several factors, such as the benefit obtained for the class, the risk of nonpayment, the complexity and novelty of the issues presented, and awards in

PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS AND INCENTIVE AWARD
NO. 2:15-CV-00517-TSZ - 12

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

1  similar cases. *See In re Bluetooth*, 654 F.3d at 942. Foremost among the considerations is the

2  benefit obtained for the class." *Id.*

3      Here, Class Counsel's total lodestar is $181,907, and their total hours are 420. Their

4  lodestar is significantly more than the requested fees, further supporting its reasonableness.

5              a)      **Class Counsel's Hourly Rates Are Reasonable**

6      In determining a reasonable rate, the court considers the "experience, skill and reputation

7  of the attorney requesting fees." *Trevino v. Gates* 99 F.3d 911, 924 (9th Cir. 1996). The court

8  also considers "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465

9  U.S. 886, 895 (1984). Class Counsel are experienced, highly regarded members of the bar with

10  extensive expertise in the area of class actions and complex litigation involving consumer claims

11  like those at issue here.  Class Counsel set their rates for attorneys and staff members based on a

12  variety of factors, including, among others: the experience, skill and sophistication required for

13  the types of legal services typically performed; the rates customarily charged in the markets

14  where legal services are typically performed; and the experience, reputation and ability of the

15  attorneys and staff members. Ryan Decl. ¶ 32.

16      The rates charged for attorneys and staff members working on this matter range from

17  $200 to $650, with the majority of the work performed by Ms. Ryan at an hourly rate of $650;

18  and Mr. Ortiz at an hourly rate of $450.  *See* Ryan Decl. ¶ 28; Ortiz Decl. ¶ 4.  These are the

19  rates Class Counsel charge in similar matters, and these rates have been approved by state and

20  federal courts in other contingent matters.  *See* Ryan Decl. ¶¶ 33-34; Ortiz Decl. ¶¶ 4, 6.

21      Class Counsel's rates are also consistent with those approved by courts in awarding fees

22  in other class action cases. *See Rinky Dink, Inc. v. World Business Lenders, LLC*, No. 2:14-cv-

23  0268-JCC, Order Granting Final Approval of Class Settlement, ECF No. 92 at 7–8 (W.D. Wash.

24  May 31, 2016) (approving partners' rates of $500–$650 per hour); *Lushe v. Verengo, Inc.*, No.

CV13-07632-AB, Final Judgment and Order of Dismissal, ECF No. 137 at 5–6 (C.D. Cal. May

2, 2016) (approving hourly rates of $400–$650 for senior associates and partners); *Rinky Dink,*

*Inc. v. Electronic Merchant Systems, Inc.*, No. C13-1347-JCC, ECF Nos. 145 and 151 (W.D.

Wash. Apr. 19, 2016) (approving hourly rates up to of $450–$650 for senior associates and

partners); *Zwicker v. Gen. Motors Corp.*, No. C07-0291 JCC (W.D. Wash. 2008) (approving

partners' hourly rates up to $650).

        **b)**      **Class Counsel Expended A Reasonable Number Of Hours Litigating The Case**

        The number of hours that Class Counsel devoted to investigation, discovery, motion

practice, and achieving a favorable settlement is reasonable. "Generally, hours are reasonable if

they were 'reasonably expended in pursuit of the ultimate result achieved in the same manner

that an attorney traditionally is compensated by a fee-paying client.'" *Villalpando v. Exel Direct,*

*Inc.*, 2016 WL 7740854, at *2 (N.D. Cal. Dec. 12, 2016) (quoting *Hensley v. Eckerhart*, 461 U.S.

424, 431 (1983)). Class Counsel have provided the Court with a summary of their hours worked

on this case from their billing records. Ryan Decl. ¶ 29; Ortiz Decl. ¶ 5.

        Class Counsel billed a total of 420 hours in three years of litigating and settling this case.

Ryan Decl. ¶ 35. Class Counsel worked collaboratively, but also took care to avoid duplication

of effort by dividing tasks according to each professional's skill, experience, and availability,

both within and amongst the firms. *Id.* ¶ 39.

        Class Counsel's experience in litigating class action cases allowed them to quickly hone

in on the critical factual and legal issues and focus their informal and formal discovery efforts on

those issues. The key issues included Umpqua's liability for its form disclosures Plaintiff alleged

violated the FCRA. Following targeted discovery, and with Umpqua's motion for summary

judgment and Plaintiff's motion for class certification on the horizon, the parties began

PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEYS' FEES,
COSTS AND INCENTIVE AWARD
NO. 2:15-CV-00517-TSZ - 14

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

settlement discussions. Class Counsel put in the time necessary to develop the central facts of their case and assess the legal issues that would shape the outcome but did so with the goal of achieving an early resolution that ensured class members a recovery. Class Counsel's time records reflect the reasonableness of their efforts.

### c) Class Counsel's Requested Fee Reflects a "Negative" Multiplier

The requested fee represents a negative multiplier of approximately .53 from Counsel's lodestar.  Courts in the Ninth Circuit have endorsed and approved attorneys' fee awards with positive multipliers in excess of 3.5.  *See Van Vranken v. Atl. Richfield Co.,* 901 F. Supp. 294, 299 (N.D. Cal. 1995) (approving multiplier of 3.6); *Steiner v. Am. Broad. Co*., 248 Fed. Appx. 780, 783 (9th Cir. 2007) (upholding 25% fee award yielding multiplier of 6.85, finding that it "falls well within the range of multipliers that courts have allowed"); *Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1113, 1125 (C.D. Cal. 2008) (approving 25% fee award yielding a multiplier of 5.2 and stating that "there is ample authority for such awards resulting in multipliers in this range or higher").

Thus, Class Counsel's fee request reflecting a "negative" multiplier is reasonable.  *See also Dennings v. Clearwire Corp*, 2013 WL 1858797, at *6 (W.D. Wash. May 3, 2013) (finding reasonable a fee request with a negative multiplier of between .92 and .98).

### 3. Class Counsel's Litigation Costs Were Necessarily And Reasonably Incurred

Rule 23(h) authorizes courts to award costs authorized by law or the parties' agreement. Attorneys who create a common fund are entitled to reimbursement of their out-of-pocket expenses so long as they are reasonable, necessary and directly related to the work performed on behalf of the class. *Vincent v. Hughes Air W.*, 557 F.2d 759, 769 (9th Cir. 1977); *see also Corson v. Toyota Motor Sales U.S.A., Inc.*, No. CV 12-8499-JGB, 2016 WL 1375838, at *9 (C.D. Cal.

PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEYS' FEES,
COSTS AND INCENTIVE AWARD
NO. 2:15-CV-00517-TSZ - 15

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

Apr. 4, 2016) ("Expenses such as reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are typically recoverable"); *Hopkins v. Stryker Sales Corp.*, No. 11-CV-02786-LHK, 2013 WL 496358, at *6 (N.D. Cal. Feb. 6, 2013) (awarding costs for document review, depositions, and experts). Class Counsel have provided the Court with a summary that breakdown their litigation costs by category. These costs, the bulk of which were incurred for mediation, total more than $6,000. Ryan Decl. ¶ 36.

### 4. The Named Plaintiff's Incentive Award Of $2,500 Should Be Approved

Plaintiff also requests an incentive payment of $2,500 in recognition of Plaintiff's efforts on behalf of the Class, which included assisting counsel with the investigation, discovery, litigation and settlement. The Ninth Circuit has explained that service awards that are "intended to compensate class representatives for work undertaken on behalf of a class 'are fairly typical in class action cases.'" *In re Online DVD*, 779 F.3d at 943 (quoting *Rodriguez v. W. Publishing*, 563 F.3d 948, 958-59 (9th Cir. 2009)). The factors courts consider include the class representative's actions to protect the interests of the class, the degree to which the class has benefitted from those actions, the time and effort the class representative expended in pursuing the litigation, and any risk the class representative assumed. *Staton v. Boeing Co.*, 327 F.3d at 977 (9th Cir. 2013).

The requested $2,500 incentive award is reasonable, particularly since it is half of the Ninth Circuit's benchmark for service awards. *See In re Yahoo Mail Litig.*, No. 13-CV-4980-LHK, 2016 WL 4474612, at *11 (N.D. Cal. Aug. 25, 2016) ("The Ninth Circuit has established $5,000.00 as a reasonable benchmark [for service awards]."); *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1329-30 & n.9 (W.D. Wash. 2009) (approving $7,500 incentive awards where

PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEYS' FEES,
COSTS AND INCENTIVE AWARD
NO. 2:15-CV-00517-TSZ - 16

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

1   the plaintiffs assisted class counsel, responded to discovery, and reviewed settlement terms, and

2   collecting decisions approving service awards ranging from $5,000 to $40,000); *see also In re*

3   *Online DVD*, 779 F.3d at 942 (rejecting argument that a $5,000 incentive award created a

4   conflict of interest between the plaintiff and class members who received payments of $12 from

5   the settlement fund).

6   **IV.     CONCLUSION**

7           Class Counsel request that the Court approve a fee award of $97,500, plus $6,000 for

8   reimbursement of litigation costs. Plaintiff requests an incentive award of $2,500 in recognition

9   of her representation of the Class in this case.

10          RESPECTFULLY SUBMITTED AND DATED this 6th day of December 2018.

11

12                              By: */s/ Elizabeth Ryan*
                                Elizabeth Ryan (admitted *pro hac vice*)
                                BAILEY & GLASSER LLP
13                              99 High Street, Suite 304
                                Boston, Massachusetts 02110
14                              T: (617) 439-6730
                                F: (617) 951-3954
15                              Email: eryan@baileyglasser.com

16                              Beth E. Terrell, WSBA #26759
                                TERRELL MARSHALL LAW GROUP PLLC
17                              936 North 34th Street, Suite 300
                                Seattle, WA 98103
18                              T: (206) 816-6603
                                F: (206) 319-5450
19                              Email: bterrell@terrellmarshall.com

20                              Nicholas F. Ortiz
                                LAW OFFICE OF NICHOLAS F. ORTIZ, P.C
21                              99 High Street, Suite 304
                                Boston, Massachusetts 02110
22                              T: (617) 338-9400
                                F: (617) 507--3456
23                              Email: nfo@mass-legal.com

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Michael L. Murphy, WSBA #37481
BAILEY & GLASSER LLP
1054 31st Street, NW, Suite 230
Washington, DC 20007
T: (202) 463-2101
F: (202) 463-2103
Email: mmurphy@baileyglasser.com

*Attorneys for Plaintiff*

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

1

**CERTIFICATE OF SERVICE**

2

3     I hereby certify that on December 6, 2018, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to

4     counsel of record.

5

6                                             */s/ Elizabeth Ryan*
                                              Elizabeth Ryan
7                                             Bailey & Glasser LLP
                                              99 High Street, Suite 304
8                                             Boston, MA 02110
                                              Email: eryan@baileyglasser.com
9                                             T: (617) 439-6730
                                              F: (617) 951-3954
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEYS' FEES,
COSTS AND INCENTIVE AWARD
NO. 2:15-CV-00517-TSZ - 19