1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Honorable Thomas S. Zilly

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

SARAH CONNOLLY, individually and on
behalf of all others similarly situated,

                              Plaintiff,

        v.

UMPQUA BANK,

                              Defendant.

NO. 2:15-CV-00517-TSZ

**PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT AND FOR
CERTIFICATION OF SETTLEMENT
CLASS**

**Note on Motion Calendar:
February 15, 2019**

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND FOR CERTIFICATION OF
SETTLEMENT CLASS
NO. 2:15-CV-00517-TSZ

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

# TABLE OF CONTENTS

Page No.

I.   INTRODUCTION...................................................................................................1

II.  STATEMENT OF FACTS .....................................................................................2

    A.   Plaintiff Alleges That Umpqua Violated The FCRA ................................2

    B.   Case History .............................................................................................2

    C.   The Parties Engaged In Arm's Length Settlement Negotiations With The Assistance Of An Extremely Experienced Mediator............................................4

    D.   The Terms Of The Proposed Settlement ..................................................4

        1.   The Settlement Class............................................................................4

        2.   The Settlement Relief...........................................................................4

        3.   Plaintiff's Incentive Award ...................................................................5

        4.   Attorneys' Fees and Litigation Expenses ..............................................5

        5.   Administration Costs.............................................................................6

        6.   Settlement Payments.............................................................................6

        7.   Settlement Administration and Notice ..................................................6

III. AUTHORITY AND ARGUMENT .........................................................................7

    A.   The Court Should Grant Final Approval of the Settlement ...................................7

    B.   The Settlement Is The Product Of Serious, Informed, And Arm's Length Negotiations .............................................................................................8

    C.   The Criteria For Settlement Approval Are Satisfied ...........................................8

        1.   Strength of Plaintiff's Case And Defendant's Ability To Pay ................9

        2.   The Extent of Discovery and the Stage of Proceedings .........................10

        3.   The Risk, Expense, Complexity, and Likely Duration Or Delay Caused By Further Litigation .................................................................10

        4.   The Amount Offered in Settlement Is Adequate ...................................11

        5.   The Experience and Views of Counsel ..................................................12

        6.   The Reaction Of Class Members to The Settlement..............................13

        7.   Reasonableness Of The Attorneys' Fees Sought...................................13

        8.   The Proposed Distribution Plan Is Effective And Treats Class Members Equally .................................................................................13

        9.   The Class Representatives And Class Counsel Have Adequately Represented The Class .........................................................................14

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND FOR CERTIFICATION OF
SETTLEMENT CLASS
NO. 2:15-CV-00517-TSZ - i

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

1

D.      The Requested Incentive Award Is Reasonable ...................................................15

2

E.      All Settlement Class Members Were Given Proper and Reasonable Notice ......15

F.      Certification Of The Settlement Class Is Appropriate......................................17

3

IV.     CONCLUSION ..........................................................................................................17

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND FOR CERTIFICATION OF
SETTLEMENT CLASS
NO. 2:15-CV-00517-TSZ - ii

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 ● FAX 617.951.3954
www.baileyglasser.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aceves v. Autozone Inc.*,
  No. 5:14-cv-2032, ECF No. 58 (C.D. Cal. Nov. 18, 2016)...................................11

*Brown v. Delhaize Am., LLC*,
  No. 1:14-CV-00195, 2015 WL 12780911 (M.D.N.C. July 20, 2015)................................12

*Brown v. Lowe's*,
  5:13-cv-00079 (W.D.N.C. Nov. 1, 2016)................................12

*Class Plaintiff v. City of Seattle*,
  955 F.2d 1268 (9th Cir. 1992) ................................7

*Evon v. Law Offices of Sidney Mickell*,
  688 F.3d 1015 (9th Cir. 2012) ................................14

*Fernandez v. Home Depot USA, Inc.*,
  No. 13-cv-648 (C.D. Cal. Jan. 22, 2016) ...........................12

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ................................8

*Hillson v. Kelly Servs. Inc.*,
  No. 2:15-CV-10803, 2017 WL 279814 (E.D. Mich. Jan. 23, 2017) ...................12

*In Re Hyundai and Kia Fuel Economy Litig.*,
  No. 15-56014 (9th Cir. Jan. 23, 2018) ...........................17

*Landrum v. Acadian Ambulance Serv., Inc.*,
  No. 14-cv-12 1467 (S.D. Tex. Nov. 5, 2015)...........................12

*Manuel v. Wells Fargo Bank, NA*,
  No. 14-cv-238, 2016 WL 1070819 (E.D. Va. Mar. 15, 2016) ...........................12

*In re Mego Fin. Corp. Sec. Litig.*,
  213 F.3d 454 (9th Cir. 2000)...........................10

*Mullane v. Cent. Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950)...........................15

*Patrick v. Interstate Mgmt. Co., LLC*,
  No. 8:15-cv-1252 (M.D. Fla. Apr. 29, 2016) ...........................12

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND FOR CERTIFICATION OF
SETTLEMENT CLASS
NO. 2:15-CV-00517-TSZ - iii

*Pelletz v. Weyerhaeuser Co.*,
    255 F.R.D. 537 (W.D. Wash. 2009) ........................................................... 13

*Pelletz v. Weyerhaeuser Co.*,
    592 F. Supp. 2d 1322 (W.D. Wash. 2009) ................................................ 15

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985) ................................................................................... 16

*Rinky Dink, Inc. v. Elect. Merchant Sys.*,
    No. 13:cv-01347 (W.D. Wash. Dec. 11. 2015) ............................................ 9

*Spokeo, Inc. v. Robbins*,
    136 S. Ct. 1540 (2016) ........................................................................ 3, 11

*Walker v. McClane/Midwest, Inc.*,
    No. 2:14-CV-04315 (W.D. Mo. Oct. 23, 2015) ......................................... 12

**Statutes**

15 U.S.C. § 1681(b)(2)(a)(i) ................................................................................. 2

15 U.S.C. § 1681, *et seq*. ........................................................................... *passim*

15 U.S.C. § 1681(n) .......................................................................................... 10

28 U.S.C. § 1292(b) ............................................................................................ 3

28 U.S.C. § 1715 .............................................................................................. 17

**Rules**

Fed. R. Civ. P. 23 .............................................................................................. 16

Fed. R. Civ. P. 23(a)(4) ..................................................................................... 14

Fed. R. Civ. P. 23(e)(1) ..................................................................................... 15

Fed. R. Civ. P. 23(e)(2) ....................................................................................... 9

Fed. R. Civ. P. 23(e)(2)(A) ................................................................................ 14

Fed. R. Civ. P. 23(e)(2)(C)(i) ............................................................................ 12

Fed. R. Civ. P. 23(e)(2)(C)(ii) .......................................................................... 14

Fed. R. Civ. P. 23(e)(2)(C)(iii) ......................................................................... 13

Fed. R. Civ. P. 23(e)(2)(D) ............................................................................... 14

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND FOR CERTIFICATION OF
SETTLEMENT CLASS
NO. 2:15-CV-00517-TSZ - iv

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

Fed. R. Civ. P. 23(e)(3) ...............................................................................................9

**Other Authorities**

*Manual for Complex Litigation (Fourth)* (2015) ........................................ 7, 8, 15, 16

William B. Rubenstein, *Newberg on Class Actions* (5th ed. updated 2015) .............................7

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND FOR CERTIFICATION OF
SETTLEMENT CLASS
NO. 2:15-CV-00517-TSZ - v

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 ● FAX 617.951.3954
www.baileyglasser.com

1

## I.    INTRODUCTION

2      Plaintiff Sarah Connolly ("Plaintiff") and Defendant Umpqua Bank ("Umpqua"),

3  collectively "the Parties," have negotiated and the Court has preliminarily approved a

4  settlement that will fully resolve this consumer class action. A copy of the settlement

5  agreement is on file with the Court [Dkt. No. 95-3]. The proposed settlement, preliminarily

6  approved in part and deferred in part by this Court on August 28, 2018 [Dkt. No. 99], and the

7  deferred portion approved on October 18, 2018 [Dkt. No. 101] provides monetary relief to

8  Settlement Class Members[1] as to whom Umpqua obtained a copy of their credit report without

9  first giving them a valid disclosure or authorization. The Settlement requires Umpqua to pay

10 $325,000 to establish a settlement fund for the benefit of Plaintiff and approximately 4,302

11 proposed Settlement Class Members. Settlement Class Members who do not opt out will each

12 receive an equal cash payment from this fund estimated to be between $40 - $47. The

13 Settlement Fund also will be used to pay notice and administration expenses, any court-

14 approved attorneys' fees and costs, and any court-awarded incentive award for the named

15 Plaintiff.

16     This settlement payment amount is within the range of other FCRA class action

17 settlements approved by courts in this Circuit and elsewhere.

18     This Settlement Agreement is now subject to final approval by the Court. In accordance

19 with the Court's Preliminary Approval Order, a postcard Notice was sent via U.S. mail and a

20 long form notice was sent via either email or U.S. mail to the last known address of all

21 identified Settlement Class Members, advising them of the final approval hearing and how their

22 rights may be affected by the proposed settlement. See Minute Order, Dkt. No. 101, and

23 Declaration of Settlement Administrator Jennifer M. Keough of JND Legal Administration,

24

25

26

27

---

[1] Settlement Class Members are individuals within the class defined as: All individuals (i) who applied for employment with Umpqua, or are/were employed by Umpqua, (ii) who completed a disclosure and authorization form during the Class Period, defined as April 2, 2010 – September 21, 2015, and (iii) about whom Umpqua Bank obtained, during the Class Period, a consumer report for employment purposes.

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND FOR CERTIFICATION OF
SETTLEMENT CLASS
NO. 2:15-CV-00517-TSZ - 1

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

("Keough Decl.") ¶¶ 5-7, filed herewith.

The Settlement Agreement reflects a compromise of the Parties' positions for the purpose of resolving, without further litigation, all issues and claims relating to the allegations made in this Action on behalf of all members of the Class. As demonstrated below, the Settlement negotiated by the Parties is fair, adequate, and reasonable, and provides a substantial benefit to the Settlement Class.

The Parties request that the proposed order attached as Exhibit 1, and filed with the Court previously, be entered. The order will fully dispose of this matter.

## II.   STATEMENT OF FACTS

### A.   Plaintiff Alleges That Umpqua Violated The FCRA

Ms. Connolly brought this class action against Umpqua Bank ("Umpqua") on behalf of herself and other similarly situated job applicants and employees. Her complaint alleges that when she applied for a job, Umpqua obtained a copy of her credit report without first giving her a valid disclosure or authorization.

The Fair Credit Reporting Act ("FCRA") prohibits an employer from obtaining a credit report without first giving a job applicant a stand-alone document that consists "solely" of the disclosure of its intent to obtain the applicant's credit report, and an authorization to do so. 15 U.S.C. § 1681(b)(2)(a)(i). This "stand alone" requirement maximizes the disclosure's clarity and conspicuousness, thereby protecting the job applicant's fundamental right to keep his or her credit and financial information private and to control access to it.

Ms. Connolly alleges that the Umpqua form disclosure she was required to sign did not stand alone, and in fact contained a *waiver* of liability, which did the opposite of protecting her rights as a job seeker. The Ninth Circuit recently held that the use of such a form disclosure and authorization is a willful violation of the FCRA, as a matter of law.

### B.   Case History

On April 4, 2015, Ms. Connolly filed this case in the United States District Court for the

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND FOR CERTIFICATION OF
SETTLEMENT CLASS
NO. 2:15-CV-00517-TSZ - 2

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

Western District of Washington at Seattle alleging that Umpqua violated the FCRA, 15 U.S.C. §§ 1681a-1681x. Dkt. No. 1. On July 9, 2015, Umpqua moved to dismiss the complaint for failure to state a claim. Dkt. No. 20. That motion was denied in part and allowed in part on October 23, 2015. Dkt. No. 38. The Court dismissed one count relating to the failure to provide adverse action notices. On December 31, 2015, Umpqua filed a motion to stay the litigation pending the outcome of the Supreme Court's ruling in *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540 (2016), which was to address what constitutes an injury and standing when a plaintiff asserts a violation of a statutory right but no concrete injury. Dkt. No. 42. Ms. Connolly opposed the stay request because she alleged concrete injuries. Dkt. No. 44. The Court granted the stay on January 26, 2016. Dkt. No. 46.

On June 21, 2016, after *Spokeo* was decided and the stay was lifted, Umpqua filed a new motion to dismiss for lack of subject matter jurisdiction, based on *Spokeo*, arguing that Ms. Connolly had not adequately alleged an injury for purposes of standing. Dkt. No. 49. That motion was denied on November 9, 2016, after oral argument. Dkt. No. 63.

On November 30, 2016, Umpqua filed a motion to certify the case for interlocutory review pursuant to 28 U.S.C. § 1292(b) and to stay. Dkt. No. 65. That motion was denied on December 20, 2016. Dkt. No. 68.

In March and April of 2017, Umpqua produced a large volume of documents in response to Plaintiff's discovery requests. *See* Declaration of Elizabeth Ryan ("Ryan Decl.") ¶ 11, Dkt. No. 95-2. The documents related to the disclosure forms used to obtain credit and background checks on job applicants and employees, the information obtained, and the size of the potential class. *See id.* Following a mediation session on July 10, 2017 (see Section C below), the parties continued to engage in further class-wide, informal discovery regarding these disclosure forms, as well as an additional issue that arose regarding the existence of purported arbitration agreements as to class members. *See id.* ¶¶ 16-17.

Through the course of this litigation, and before, Plaintiff has thoroughly investigated

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND FOR CERTIFICATION OF
SETTLEMENT CLASS
NO. 2:15-CV-00517-TSZ - 3

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

the factual and legal claims at issue. *Id*. ¶¶ 11-12.

**C.    The Parties Engaged In Arm's Length Settlement Negotiations With The Assistance Of An Extremely Experienced Mediator**

The parties mediated for a full day on July 10, 2017, with Teresa A. Wakeen, J.D., in Seattle. *Id*. ¶ 14. At the mediation, the parties engaged in a substantive and productive discussion regarding the disclosure forms used by Umpqua, including which forms were used as to which employees and applicants, which employees and applicants received disclosure forms, the substance of the forms, and FCRA compliance. *Id*. ¶¶ 14-15. Although no agreement was reached during the mediation, the parties continued to engage in substantive discussions in the following months. *Id*. ¶ 16. After further exchange of information and documents, the parties were able to reach an agreement in December 2017. *Id*.

**D.    The Terms Of The Proposed Settlement**

The terms of the parties' proposed settlement are contained within the Settlement Agreement, Dkt. No. 95-3. The following summarizes the Settlement Agreement's key terms:

**1.    The Settlement Class**

The proposed "Settlement Class" is comprised of: All individuals (i) who applied for employment with Umpqua, or are/were employed by Umpqua, (ii) who completed a disclosure and authorization form during the Class Period, defined as April 2, 2010 – September 21, 2015, and (iii) about whom Umpqua Bank obtained, during the Class Period, a consumer report for employment purposes.

The Settlement Class does *not* include Umpqua, any entity that has a controlling interest in Umpqua, and Umpqua's current or former directors, officers, counsel, and their immediate families. The Settlement Class also does not include any persons who validly request exclusion from it. There are approximately 4,302 identified Settlement Class Members. Ryan Decl. ¶ 18.

**2.    The Settlement Relief**

The Settlement Agreement requires Umpqua to pay $325,000 as consideration for the

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR CERTIFICATION OF SETTLEMENT CLASS NO. 2:15-CV-00517-TSZ - 4

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

settlement (the "Settlement Fund"). Settlement Agreement, ¶ 22. The Settlement Fund will be used to pay Settlement Class Members cash awards estimated by Plaintiff to be between $40 - $47 each, any incentive award to the named Plaintiff approved by the Court, any court-approved attorneys' fees and litigation costs, and the costs of notice and administration.

The settlement administrator shall distribute in equal shares the individual Settlement Class Members' awards after deducting any court-awarded attorneys' fees, litigation costs, notice and administration expenses, and any court-awarded incentive award for the named Plaintiff. *Id.* at ¶ 24.

### 3.      Plaintiff's Incentive Award

Pursuant to ¶ 24(a) of the Settlement Agreement, on December 6, 2018, Plaintiff filed a motion to approve an incentive award of $2,500 for Sarah Connolly, to be paid out of the Settlement Fund. *See* Plaintiff's Unopposed Motion for Attorneys' Fees, Costs, and Incentive Award ("Motion for Fees"), Dkt. No. 102. This award will compensate Plaintiff for her time and effort serving as class representative and for the risks she undertook in prosecuting the case.

### 4.      Attorneys' Fees and Litigation Expenses

The Agreement provides that Plaintiff's counsel may request that the Court approve an award of attorneys' fees of up to $108,322.50 from the Settlement Fund to compensate and reimburse them for all of the work already performed in this case and all of the work remaining to be performed in connection with the settlement, plus litigation expenses. Settlement Agreement ¶¶ 24(c), 38. Plaintiff's counsel filed a fee petition with the Court requesting an attorneys' fees award of $97,500 from the Settlement Fund and reimbursement for out-of-pocket costs of $6,000. *See* Motion for Fees, Dkt. No. 102. The fee application was posted to the Settlement website on December 7, 2018.

The Settlement Agreement is not contingent on the amount of attorneys' fees or costs awarded.

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

**5.** **Administration Costs**

JND Legal Administration ("JND"), the agreed upon settlement administrator, has administered the settlement. JND's fees are currently approximately $27,000. JND's duties included updating addresses in the Class List, preparing and emailing notice, mailing notice to Settlement Class Members without a valid email address, fielding questions from Settlement Class Members regarding the Settlement, processing opt-outs, processing claims, and will include issuing checks to all members of the Settlement Class who do not opt-out. Settlement Agreement at ¶¶ 25-29.

**6.** **Settlement Payments**

The remainder of the Settlement Fund will be distributed in equal shares to all Settlement Class Members who do not opt out. If the Court grants the requested attorneys' fees, litigation expenses, and notice and settlement administration fees, Plaintiff estimates that each Settlement Class Member will receive between $40 - $47. Ryan Decl. ¶ 19.

**7.** **Settlement Administration and Notice**

The Settlement called for post card notice to be sent by first class mail to all identified Settlement Class Members, and for a long form notice to be sent by email to those class members for whom an email address is reasonably available, and by first class mail for all others. JND mailed the post card notice, and emailed the long form notice on November 2, 2018. Keough Decl. at ¶¶ 5, 6. On November 8, 2018, JND mailed the long form notice and opt out form to 308 Settlement Class Members whose email notice was returned as undeliverable and for whom mailing addresses were available. *Id*. ¶ 7. The Class Settlement Notice set a deadline to opt-out of the class of January 10, 2019. *Id.* at ¶ 12. Seven Settlement Class Members have opted out. *Id.* at ¶ 13.

The Settlement provided an opportunity for Settlement Class Members to object by serving a statement of his or her objection upon the Settlement Administrator. Settlement Agreement, ¶ 32. The Notice instructed any objectors to include the reasons for objection. No

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR CERTIFICATION OF SETTLEMENT CLASS
NO. 2:15-CV-00517-TSZ - 6

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

1  Settlement Class Members have objected. Keough Decl. at ¶ 15.

2  ### III.  AUTHORITY AND ARGUMENT

3  **A.  The Court Should Grant Final Approval of the Settlement**

4  As a matter of "express public policy," federal courts strongly favor and encourage

5  settlements, particularly in class actions and other complex matters, where the inherent costs,

6  delays, and risks of continued litigation might otherwise overwhelm any potential benefit the

7  class could hope to obtain. *See Class Plaintiff v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir.

8  1992) (noting the "strong judicial policy that favors settlements, particularly where complex

9  class action litigation is concerned"); *see also* William B. Rubenstein, *Newberg on Class*

10 *Actions* ("Newberg") § 13.1 (5th ed. updated 2015) (citing cases). The traditional means for

11 handling claims like those at issue here — individual litigation — would unduly tax the court

12 system, require a massive expenditure of public and private resources, and, given the small

13 value of the claims of the individual class members, would be wholly impracticable. The

14 proposed settlement is the best vehicle for Settlement Class Members to receive relief in a

15 prompt and efficient manner.

16 The Manual for Complex Litigation describes a three-step procedure for approval of

17 class action settlements: (1) preliminary approval of the proposed settlement; (2) dissemination

18 of notice of the settlement to all affected class members; and (3) a "fairness hearing" or "final

19 approval hearing," at which class members may be heard regarding the settlement, and at which

20 evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement

21 may be presented. *Manual for Complex Litigation (Fourth)* ("MCL 4th") §§ 21.632 – 21.634,

22 at 430–31 (2015). This procedure safeguards class members' due process rights and enables the

23 court to fulfill its role as the guardian of class interests. *See* Newberg § 13.1.

24 The Court has taken the first step in the settlement approval process by granting

25 preliminary approval of the proposed Settlement Agreement. Dkt. Nos. 99, 101.

26 The Court's granting of preliminary approval has allowed the Settlement Class to

27

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND FOR CERTIFICATION OF
SETTLEMENT CLASS
NO. 2:15-CV-00517-TSZ - 7

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

receive direct notice of the proposed Settlement Agreement's terms and the date and time of the final approval hearing, the second step in the approval process. *See* MCL 4th § 21.634. The Plaintiff now requests the Court grant final approval, the final step.

**B.     The Settlement Is The Product Of Serious, Informed, And Arm's Length Negotiations**

As discussed in Plaintiff's preliminary approval motion, the Ninth Circuit has noted that the court's role in evaluating class action settlements is to ensure that "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (internal quotes and citations omitted).

Here, the Parties engaged the services of a highly respected mediator, Teresa A. Wakeen, who has over 25 years of mediation experience. Ryan Decl. ¶ 14. With Ms. Wakeen's assistance, the Parties participated in a full day formal in-person mediation session. The Parties prepared memoranda in advance of the in-person session and the negotiations were productive, including discussions about the merits of Plaintiff's legal claims, and the disclosure and authorization forms used by Umpqua. *Id.* ¶ 15. Although no agreement was reached, the Parties engaged in substantive discussions through which they gained greater understanding of the strengths and weaknesses of each side's positions. *Id.* ¶¶ 16-17. Following this, the Parties continued to engage in extensive direct settlement discussions, including the further exchange of information and documents, as well as legal authority regarding the effect of the purported arbitration agreements. *Id.* ¶ 17. The extensive negotiations and the efforts of Plaintiff and counsel support settlement approval. *See Hanlon*, 150 F.3d at 1027 (no basis to disturb the settlement, in the absence of any evidence suggesting that the settlement was negotiated in haste or in the absence of information).

**C.     The Criteria For Settlement Approval Are Satisfied**

A proposed settlement warrants approval if it is determined to be "fair, reasonable, and adequate." *Id.* To make this determination, courts consider a number of factors including (1) a

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND FOR CERTIFICATION OF
SETTLEMENT CLASS
NO. 2:15-CV-00517-TSZ - 8

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

defendant's ability to pay a larger settlement; (2) the strength of the plaintiff's case; (3) the extent of discovery completed and the stage of the proceedings; (4) the risk, expense, complexity, and likely duration of further litigation; (5) the amount offered in settlement; (6) the experience and views of counsel; (7) the reaction of the class members to the proposed settlement; (8) the presence of a governmental participant; (9) whether the attorneys' fees request is indicative of collusion; and (10) whether distribution favors certain class members at the expense of others. *See Rinky Dink, Inc. v. Elect. Merchant Sys.*, No. 13:cv-01347-JCC, Dkt. No. 143, at 8 (W.D. Wash. Dec. 11. 2015) (citing *In re Bluetooth*, 654 F.3d at 946–47; *Staton v. Boeing*, 327 F.3d 938, 974 (9th Cir. 2003); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000)). The amendments to Rule 23(e)(2) that went into effect in December 2018, provide additional guidance, requiring courts consider: whether (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided by the settlement is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief including the method of processing class-member claims, if required; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3) made in connection with the proposed settlement; and (D) the proposal treats class members equitably relative to each other. Plaintiff will address these factors as applicable, many of which overlap.[2] These factors favor final approval here.

### 1.      Strength of Plaintiff's Case And Defendant's Ability To Pay

Entering mediation, Plaintiff and Plaintiff's counsel were confident in the strength of their case. Ryan Decl. ¶ 15. Two motions to dismiss and a motion to stay had been fully briefed, and Plaintiff believed she had a strong chance of certifying a class and a strong

---

[2] There is no governmental participant, and no agreement required to be identified under Rule 23(e)(3).

BAILEY & GLASSER LLP
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

1  likelihood of success on the merits. *See id.* ¶¶ 12, 15.

2      That said, Plaintiff was aware of some class certification risk for the class as defined.

3  For example, well into the litigation, Umpqua disclosed that some class members signed

4  agreements which it claimed required them to arbitrate their claims. *Id.* ¶¶ 13, 17. While

5  Plaintiff believes there are grounds to challenge the arbitration agreements, their existence

6  creates additional risk and would require further motions practice and delay. Further, Plaintiff

7  is aware that uncertainty exists as to the amount of damages the class may be entitled. Under

8  the FCRA, statutory damages are only available for willful violations. *See* 15 U.S.C. § 1681(n).

9  These issues represent significant risks for the Plaintiff if she chose to continue to litigate this

10  case.

11      Umpqua's ability to pay, or ability to pay a larger settlement, was not a substantial

12  factor in this settlement case. The class is relatively limited, and Umpqua has not alleged

13  financial hardship.

14      **2.    The Extent of Discovery and the Stage of Proceedings**

15      A key factor in assessing a settlement is whether the parties had enough information to

16  make an informed decision about the strength of their respective cases. *In re Mego*, 213 F.3d at

17  458. As discussed above, the parties entered into mediation after a full year of discovery and

18  after two motions to dismiss and a motion to stay had been fully briefed. Ryan Decl. ¶¶ 12, 14.

19  Plaintiff's counsel propounded written discovery requests, reviewed documents, and

20  participated in a full-day mediation session. *Id.* ¶ 14. Even after mediation, Plaintiff's

21  investigation continued, as counsel diligently sought and received additional discovery from

22  Umpqua. As a result of Plaintiff's efforts, she and her counsel received the information they

23  needed to make an informed decision about settlement. *See id.* ¶ 11.

24      **3.    The Risk, Expense, Complexity, and Likely Duration Or Delay Caused By
25         Further Litigation**

26      Litigation would be lengthy and expensive if this action were to proceed. Although the

27  parties had completed substantial discovery and briefing at the time they reached agreement,

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND FOR CERTIFICATION OF
SETTLEMENT CLASS
NO. 2:15-CV-00517-TSZ - 10

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

additional discovery, depositions, expert work, expert depositions, and motion work remained. For example, Plaintiff may need to depose an individual Umpqua representative. Then, the parties will need to fully brief Plaintiff's motion for class certification, as well as any motions for summary judgment and, if necessary, prepare for trial. Realistically, it could be a year before the case would proceed to trial and any subsequent appeals would further delay any judgment in favor of the Settlement Class. The Settlement avoids these risks and provides immediate and certain relief.

### 4.    The Amount Offered in Settlement Is Adequate

The Settlement Agreement requires Umpqua to pay $325,000 to establish a Settlement Fund. The Settlement Fund will be used to pay a class representative incentive award in the requested amount of $2,500 if approved by the Court, attorneys' fees in the requested amount of $97,500 if approved by the Court, the out-of-pocket litigation costs that Plaintiff's counsel incurred of $6,000, and notice and settlement administration costs, which are currently approximately $27,000. The Settlement Fund is non-reversionary, ensuring that the monetary benefits will go to the Settlement Class; none of the Settlement Fund will be returned to Umpqua. If the Court approves counsel's requested fees, costs, and incentive award, Plaintiff estimates that each Settlement Class Member will receive between $40 - $47. Ryan Decl. ¶ 19.

This estimated individual award is in line with or exceeds those in other FCRA settlements, particularly cases involving FCRA disclosure violations with no "adverse action" claim under the Act. FCRA statutory damages range between $100 and $1,000 for willful violations. Given the risks, costs and other settlement-related considerations, federal courts routinely approve FCRA settlements that confer amounts at or below the approximate $50.00 recovery per class member, especially since *Spokeo*. For example, in *Aceves v. Autozone Inc.*, No. 5:14-cv-2032, ECF No. 58 (C.D. Cal. Nov. 18, 2016), the district court approved a settlement that conferred on a class of plaintiffs, alleging various FCRA disclosure violations, a gross recovery of $20 per class member or alternatively a $40 gift card toward future business

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND FOR CERTIFICATION OF
SETTLEMENT CLASS
NO. 2:15-CV-00517-TSZ - 11

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

1    with the defendant. Similarly, in *Landrum v. Acadian Ambulance Serv., Inc.,* No. 14-cv-12

2    1467, ECF No. 37 (S.D. Tex. Nov. 5, 2015), the district court approved a FCRA settlement that

3    provided both the disclosure class and the adverse action class $10 per person.

4           Federal courts here and around the country approved similar FCRA class settlements.

5    *See, e.g.*, *Patrick v. Interstate Mgmt. Co., LLC,* No. 8:15-cv-1252, ECF No. 42 (M.D. Fla. Jan.

6    14, 2016) ($16.40 recovery per disclosure claim class member ); *Patrick v. Interstate Mgmt.*

7    *Co., LLC,* No. 15-cv-1252, ECF No. 49 (M.D. Fla. Apr. 29, 2016) ($9.00 recovery per

8    disclosure claim class member); *Walker v. McClane/Midwest, Inc.,* No. 2:14-CV-04315, ECF

9    No. 29 (W.D. Mo. Oct. 23, 2015) ($24.00 recovery per disclosure claim class member); *Brown*

10   *v. Delhaize Am., LLC*, No. 1:14-CV-00195, 2015 WL 12780911, at *3 (M.D.N.C. July 20,

11   2015) ($48.00 recovery per disclosure claim class member).[3]

12          In addition, unlike some cited settlements, identified Settlement Class Members here

13   are not required to file claims, so they will receive their payments automatically. This provides

14   a significant additional benefit to Settlement Class Members.

15          In sum, the relief offered by the Settlement is adequate, particularly taking into account

16   other settlements, as well as the costs, risks, and delay of trial and appeal discussed in Section

17   3, *supra*. *See* Rule 23(e)(2)(C)(i).

18          **5.     The Experience and Views of Counsel**

19          Where plaintiff's counsel are qualified and well informed, their opinion that a

20

21   [3] *See also Hillson v. Kelly Servs. Inc.*, No. 2:15-CV-10803, 2017 WL 279814, at *7 (E.D.
     Mich. Jan. 23, 2017) (approval involving FCRA disclosure claims, with $41 for adjudicated
22   ineligible class members and $14 for favorable rating class members); *Manuel v. Wells Fargo
     Bank, NA,* No. 14-cv-238-REP- DJN, 2016 WL 1070819, at *2 (E.D. Va. Mar. 15, 2016)
23   (approval involving FCRA background check claims where "each member of the
     Impermissible Use Class will receive a check for $35.00, and each Adverse Action Class
24   member will receive a check for $75.00"); *Brown v. Lowe's,* 5:13-cv-00079, ECF No. 173
     (W.D.N.C. Nov. 1, 2016) (approval of a pre-adverse action claim in which the gross recovery
25   was $60 per class member); *Fernandez v. Home Depot USA, Inc.*, No. 13-cv-648-DOC-RNB,
     ECF No. 59 (C.D. Cal. Jan. 22, 2016) (approval of FCRA background check settlement where
26   claimants received $15 to $100 each).

27   PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
     ACTION SETTLEMENT AND FOR CERTIFICATION OF
     SETTLEMENT CLASS
     NO. 2:15-CV-00517-TSZ - 12

1  settlement is fair, reasonable, and adequate is entitled to significant weight. *See Pelletz v.*

2  *Weyerhaeuser Co.*, 255 F.R.D. 537, 543 (W.D. Wash. 2009). Here, Plaintiff's counsel are very

3  experienced in the litigation, certification, and resolution of consumer class action cases similar

4  to this case. Ryan Decl. ¶¶ 3-9, 21-22. Plaintiff's counsel believe the Settlement is fair,

5  reasonable, adequate, and in the best interest of the Settlement Class as a whole. *See id.* ¶ 10.

6  This factor favors settlement approval.

7         **6.**     **The Reaction Of Class Members to The Settlement**

8          The overwhelmingly positive reaction of class members to the Settlement here supports

9  final approval. Out of 4,302 Settlement Class Members, no objections have been received to

10  the Settlement or to the attorneys' fee petition and only seven members opted out of the class,

11  less than 1%. Keough Decl. ¶¶ 13, 15. Thus this factor weighs strongly in favor of final

12  approval.

13         **7.**     **Reasonableness Of The Attorneys' Fees Sought**

14          Plaintiff's counsel has filed a motion seeking a fee award of $97,500, which is

15  considerably less than their combined lodestar of $169,221.17 at the time of that filing, to

16  compensate them for the reasonable fees they have incurred prosecuting this class action. *See*

17  Motion for Fees, Dkt. No. 102. This amount represents a negative multiplier of .64, is thirty

18  percent of the Settlement Fund, and is less than the $108,322 amount up to which Settlement

19  Class members were told in the class notice that counsel may seek. The reasonableness of the

20  fee, as detailed more fully in their fee application, supports a finding of a lack of collusion. And

21  the Settlement provides that the attorneys' fees payment will be made at the same time as

22  payments to class members. Settlement Agreement ¶¶ 41, 42. The fee is reasonable in regard to

23  the amount of the relief obtained for the class and its timing coincides with the payments to the

24  Class. *See* Rule 23(e)(2)(C)(iii).

25         **8.**     **The Proposed Distribution Plan Is Effective And Treats Class Members**
26              **Equally**

27          The Settlement treats all Settlement Class Members equally and fairly, and the process

1   for receiving settlement funds is simple. *See* Rule 23(e)(2)(C)(ii), and (D). Every identified

2   Settlement Class Member has been sent notice and an opportunity to opt-out of the Settlement

3   Fund, either online or by mail. Settlement Agreement, ¶¶ 5, 25-29. All identified Settlement

4   Class Members who do not opt out will automatically receive equal payments, without the need

5   for a claim form. *Id.* ¶ 24(d). Potential Settlement Class Members not identified from

6   Umpqua's records had an opportunity to submit claims. *Id.* ¶ 3.

7        If, after checks have been distributed, any amount remains in the Settlement Fund, this

8   amount will be donated to charity, namely Northwest Consumer Law Center, Oregon Law

9   Center, and Privacy Rights Clearinghouse. *Id.* ¶ 24(d). None of the Settlement Fund will revert

10   to Umpqua. *Id.* ¶ 23.

### 9.    The Class Representatives And Class Counsel Have Adequately Represented The Class

        Rule 23(e)(2)(A) requires the court to consider the class representatives and class counsel's

adequacy. As discussed in Plaintiff's preliminary approval motion, Dkt. No. 95, adequacy under

Fed. R. Civ. P. 23(a)(4) has two components: (1) the named representatives must appear able to

prosecute the action vigorously through qualified counsel, and (2) the representatives must not

have antagonistic or conflicting interests with the unnamed members of the class. *See Evon v.*

*Law Offices of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012).

        Here, Ms. Connolly has the same interests as the proposed class members—who all

allegedly received unlawful disclosure forms from Umpqua in violation of the FCRA. She has

no conflicts with the Class. Plaintiff was and is willing and able to prosecute this action and has

served as a class representative over the long period of time this case has been pending. Her

efforts have helped lead to the Settlement currently before the court.

        In addition, Plaintiff's counsel are active practitioners with substantial experience in

class action litigation. Ryan Decl. ¶¶ 8-9. They have represented the class more than

adequately, having defeated two motions to dismiss, and having obtained substantial relief for

the class through this Settlement.

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND FOR CERTIFICATION OF
SETTLEMENT CLASS
NO. 2:15-CV-00517-TSZ - 14

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

**D.      The Requested Incentive Award Is Reasonable**

Ms. Connolly has requested an incentive award of $2,500. *See* Motion for Fees. Plaintiff's support of the settlement is independent of any service award and not conditioned on the Court awarding any particular amount or any award. Thus, Plaintiff's adequacy as class representative is unaffected by any incentive award that recognizes her efforts and contributions to the case. For the reasons discussed in her motion, Plaintiff believes that the proposed incentive award is reasonable under the circumstances and well in line with awards approved by federal courts in Washington and elsewhere. *See, e.g., Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1329–30 & n.9 (W.D. Wash. 2009) (approving $7,500 service awards and collecting decisions approving awards ranging from $5,000 to $40,000).

**E.      All Settlement Class Members Were Given Proper and Reasonable Notice**

Rule 23(e)(1) requires the court to "direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement. Fed. R. Civ. P. 23(e)(1); *see also* MCL 4th § 21.312. The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

According to the Manual for Complex Litigation, a settlement notice should: (1) define the class; (2) describe clearly the options open to the class members and the deadlines for taking action; (3) describe the essential terms of the proposed settlement; (4) disclose any special benefits provided to the class representatives; (5) indicate the time and place of the hearing to consider approval of the settlement, and the method for objecting to or opting out of the settlement; (6) explain the procedures for allocating and distributing settlement funds, and, if the settlement provides different kinds of relief for different categories of class members, clearly set out those variations; (7) provide information that will enable class members to calculate or at least estimate their individual recoveries; and (8) prominently display the

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND FOR CERTIFICATION OF
SETTLEMENT CLASS
NO. 2:15-CV-00517-TSZ - 15

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

1  address and phone number of class counsel and the procedures for making inquiries. MCL 4th
2  § 21.312.

3      The forms of notice ("Notice"), Dkt. No. 100-2, approved by the Court, Dkt. No. 101,
4  satisfy all of the above criteria. The Notice is clear, straightforward, and provides Settlement
5  Class Members with enough information to evaluate whether to participate in the Settlement.
6  Thus, the Notice satisfies the requirements of Rule 23. *Phillips Petroleum Co. v. Shutts*, 472
7  U.S. 797, 808 (1985) (explaining a settlement notice must provide settlement class members
8  with an opportunity to present their objections to the settlement).

9      The Settlement Agreement provided for direct notice via email or U.S. Mail to members
10  of the Settlement Class, many of whom are current or former employees of Umpqua.
11  Settlement Agreement ¶¶ 5, 25-29. The Notice constituted the best notice practicable under the
12  circumstances, provided due and sufficient notice to the Settlement Class, and fully satisfied
13  the requirements of due process and Federal Rule of Civil Procedure 23.

14      On November 2, 2018, JND mailed 4,302 postcard notices and emailed 12,552 notices.[4]
15  Keough Decl. ¶¶ 5, 6. 189 of the emails bounced back. *Id*. ¶ 5. On November 8, 2018, JND
16  mailed the long form notice and opt out form to 308 Settlement Class Members whose email
17  notice was returned as undeliverable and for whom mailing addresses were available. *Id*. ¶ 7.
18  As of January 10, 2019, the Settlement Administrator received 87 claim forms and 7 opt-out
19  requests. *Id*. ¶¶ 13, 18. No objections have been received. *Id*. ¶ 15.

20      The Settlement Administrator established and continues to maintain a website allowing
21  anyone visiting it to view and download copies of (i) the operative pleadings and relevant
22  motions in this case, including Plaintiff's motion for attorney's fees and costs, and this motion
23  for final approval of the proposed class action settlement; (ii) the Revised Settlement
24  Agreement, Dkt. No. 95-3; (iii) the Minute Order entered May 7, 2018, Dkt. No. 93; (iv) the

25

26  [4] These emailed notices were sent to addresses associated with the identified Settlement Class
27  Members, some of whom had multiple email addresses.

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND FOR CERTIFICATION OF
SETTLEMENT CLASS
NO. 2:15-CV-00517-TSZ - 16

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com

Order entered August 28, 2018, Dkt. No. 99; (v) the Minute Order entered October 18, 2018, Dkt. No. 101; (vi) the forms of notices to class members; (vii) the opt-out form; (viii) the claim form; and (ix) the notice of compliance with 28 U.S.C. § 1715 and related declaration of James E. Howard, Dkt. Nos. 97 & 98. Screen shots of the website are attached to the Keough Decl. as Exhibit D.

**F.    Certification Of The Settlement Class Is Appropriate**

The Settlement Class meets the rigorous predominance certification standards recently described in *In Re Hyundai and Kia Fuel Economy Litigation*, No. 15-56014 (9th Cir. Jan. 23, 2018), because there are no significant factual or legal differences among class members – all signed disclosure and authorizations, all had their credit reports accessed, and all are subject to the protections of the FCRA. For the reasons set forth more fully in the motion for preliminary approval at 16-19, all of the Rule's requirements are met in the settlement class. Plaintiff therefore requests that the Court certify the Settlement Class for settlement purposes.

## IV.    CONCLUSION

The Settlement is fair and reasonable and no Class Member has objected. It meets all of the requirements for final approval. The attorneys' fees and costs requested, and the incentive payment to the Named Plaintiff, are reasonable and should also be approved. For all of the foregoing reasons, Ms. Connolly respectfully request that this Court approve the Settlement and certify the Class. Plaintiff further requests that the Court approve the requested fee and incentive payments, in accordance with the Settlement Agreement.

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND FOR CERTIFICATION OF
SETTLEMENT CLASS
NO. 2:15-CV-00517-TSZ - 17

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 ● FAX 617.951.3954
www.baileyglasser.com

1

RESPECTFULLY SUBMITTED AND DATED this 24th day of January, 2019.

2

By: */s/ Elizabeth Ryan*

3
Elizabeth Ryan (admitted *pro hac vice*)
BAILEY & GLASSER LLP

4
99 High Street, Suite 304
Boston, Massachusetts 02110

5
T: (617) 439-6730
F: (617) 951-3954

6
Email: eryan@baileyglasser.com

7

8
Beth E. Terrell, WSBA #26759
TERRELL MARSHALL LAW GROUP PLLC

9
936 North 34th Street, Suite 300
Seattle, WA 98103

10
T: (206) 816-6603
F: (206) 319-5450

11
Email: bterrell@terrellmarshall.com

12
Nicholas F. Ortiz
LAW OFFICE OF NICHOLAS F. ORTIZ, P.C

13
99 High Street, Suite 304
Boston, Massachusetts 02110

14
T: (617) 338-9400

15
F: (617) 507--3456
Email: nfo@mass-legal.com

16

17
Michael L. Murphy, WSBA #37481
BAILEY & GLASSER LLP

18
1054 31st Street, NW, Suite 230
Washington, DC 20007

19
T: (202) 463-2101
F: (202) 463-2103

20
Email: mmurphy@baileyglasser.com

21
*Attorneys for Plaintiff*

22

23

24

25

26

27

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND FOR CERTIFICATION OF
SETTLEMENT CLASS
NO. 2:15-CV-00517-TSZ - 18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Elizabeth Ryan*
Elizabeth Ryan
Bailey & Glasser LLP
99 High Street, Suite 304
Boston, MA 02110
Email: eryan@baileyglasser.com
T: (617) 439-6730
F: (617) 951-3954

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND FOR CERTIFICATION OF
SETTLEMENT CLASS
NO. 2:15-CV-00517-TSZ - 19

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
TEL. 617.439.6730 • FAX 617.951.3954
www.baileyglasser.com