# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SARAH CONNOLLY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UMPQUA BANK,<br><br>Defendant. | Case No. 2:15-cv-00517-TSZ<br><br>**ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT** |

THIS MATTER comes before the Court on plaintiff's motion for final approval of class action settlement, docket no. 104, and plaintiff's motion for attorney's fees, costs, and an incentive award, docket no. 102. The Court previously granted preliminary approval of the class action settlement proposed by the parties. *See* Minute Order (docket no. 101); Order (docket no. 99). In its prior Order, the Court certified the following Class for settlement purposes:

> All individuals (i) who applied for employment with, or are/were employed by, Umpqua Bank, (ii) who completed a disclosure and authorization form during the Class Period, defined as April 2, 2010 – September 21, 2015, and (iii) about whom Umpqua Bank obtained, during the Class Period, a consumer report for employment purposes.

Order at ¶ 1 (docket no. 99).

Notice of the proposed class action settlement and of the final approval hearing scheduled for February 21, 2019, was sent to all members of the Class in the manner described in the Declaration of Jennifer M. Keough, the Chief Executive Officer of JND Legal Administration, which is the Settlement Administrator for this matter. *See* Keough Decl. at ¶¶ 5-7 (docket no. 104-3). In addition, since late October 2018, the Settlement Administrator has maintained a website and a toll-free telephone number related to the proposed class action settlement. *Id.* at ¶¶ 8-11. The Court previously determined that the methods of transmitting notices to class members, along with the maintenance of a dedicated website, were the best notice practicable under the circumstances and comported with Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution. Minute Order at ¶ 1(g) (docket no. 101). Notice of the proposed class action settlement was also sent to appropriate federal and state officials pursuant to 28 U.S.C. § 1715. *See* Howard Decl. (docket no. 98).

Having considered all papers filed in support of plaintiff's motions, having conducted a hearing on February 21, 2019, at which time all interested persons were provided an opportunity to be heard, and having received no oral or written objection to the proposed class action settlement, the Court CONCLUDES that the proposed class action settlement is fair, adequate, reasonable, and in the best interests of the Class, and hereby GRANTS plaintiff's motions, docket nos. 102 and 104, as follows.

IT IS ORDERED, ADJUDGED, AND DECREED:

1. The Court has jurisdiction over the subject matter of this lawsuit and over the parties to this litigation, including all members of the Class.

2. The Revised Settlement Agreement and Release of Claims ("Settlement Agreement"), Exhibit 1 to the Declaration of Elizabeth Ryan, docket no. 95-3, is APPROVED. The terms and definitions contained in the Settlement Agreement, except as modified by the Court, are incorporated by reference into this Order and Judgment.

3. The Class shall include all individuals included within the definition of the Class set forth in Paragraph 1 of the Order entered August 28, 2018, docket no. 99,[1] but shall exclude the individuals identified in Paragraph 2 of the same Order. Among the persons excluded from the Class are the following individuals who have opted out of the settlement of this matter: Veronica N. Andreas, Olena A. Bably, Anthony Lynn Bailey, William Ray Brobst, Lynette W. Chen-Wagner, Justin Tyler Curry, and Lynae Marin Williams. *See* Ex. E to Keough Decl. (docket no. 104-3); *see also* Ex. A to Keough Supp. Decl. (docket no. 109).

---

[1] The Settlement Administrator received 106 claim forms from individuals certifying that they applied for employment with or were employed by defendant and otherwise met the definition of a Class member. *See* Keough Decl. at ¶ 18 (docket no. 104-3). Of these 106 claim forms, the Settlement Administrator forwarded to the parties only the 87 claim forms that were timely submitted. *See* Keough Supp. Decl. at ¶ 16 (docket no. 109). The Settlement Administrator has identified 47 of those claims as potentially fraudulent, and defendant has advised that none of the 87 individuals who timely submitted claim forms qualify as a member of the Class. *Id.* To the extent that any person who submitted a claim form does not qualify as a member of the Class, such individual shall not be bound by the settlement or receive any of the benefits of the settlement.

4. The parties are DIRECTED to perform their respective obligations under the Settlement Agreement.

5. All claims and causes of action asserted in this litigation are DISMISSED with prejudice and without costs to any party, except as specifically provided in the Settlement Agreement and this Order and Judgment. This dismissal is binding on all members of the Class, provided, however, that the individuals who are excluded from the Class and/or have opted out of this settlement are not bound by this dismissal.

6. The Class Representative and all members of the Class are, to the extent provided in the Settlement Agreement, and as otherwise consistent with this Order and Judgment, conclusively deemed to have released and discharged defendant Umpqua Bank and all other Released Persons from any and all of the Released Claims as provided in the Settlement Agreement.

7. Neither this Order and Judgment nor the Settlement Agreement is an admission or concession by defendant Umpqua Bank of any fault, omission, liability, or wrongdoing. This Order and Judgment does not constitute a finding concerning the validity or invalidity of any claims asserted in this action or a determination of any wrongdoing by defendant Umpqua Bank. In approving the proposed class action settlement and the Settlement Agreement, the Court expresses no opinion and makes no determination concerning the merits of the claims and/or defenses of plaintiff, members of the Class, and/or defendant.

8. Plaintiff's motion for attorney's fees in the amount of $97,500 and costs in the amount of $6,000, docket no. 102, is GRANTED. The Court FINDS that Class Counsel's requested award of attorneys' fees and costs is fair and reasonable, and DIRECTS the Settlement Administrator to disburse these amounts from the Settlement Fund to Class Counsel as provided in the Settlement Agreement.

9. Plaintiff's request for an incentive award of $2,500, docket no. 102, is GRANTED. The Court FINDS that the requested incentive award is fair and reasonable, and DIRECTS the Settlement Administrator to disburse this amount from the Settlement Fund to plaintiff as provided in the Settlement Agreement.

10. Judgment is ENTERED for purposes of Federal Rules of Civil Procedure 58 and 79, and the time period for filing any notice of appeal shall commence upon entry of this Order and Judgment. Without affecting the finality of this Order and Judgment, the Court retains jurisdiction over the interpretation, implementation, and enforcement of the Settlement Agreement.

11. The Clerk is DIRECTED to send a copy of this Order and Judgment to all counsel of record and to CLOSE this case.

IT IS SO ORDERED

DATED this 28th day of February, 2019.

_____
Thomas S. Zilly
United States District Judge

Order Approving Class Action
Settlement and Judgment - 5